Gloria Lavonda **BREWINGTON** and Bobby Gene Brewington, Appellants,

v.

Dr. Vinai **RAKSAKULTHI**, M.D., and Dr. C. Sermchief, M.D., Respondents.

No. 40627.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 12, 1979.

Charles S. Clayton, St. Louis, for appellants.

Manuel Drumm, Sikeston, Maurice B. Graham, Fredericktown, for respondents.

CRIST, Judge.

Plaintiffs Gloria Brewington and her husband Bobby brought suit on October 28, 1976, praying damages of $200,000 and $35,-000, respectively, against Doctors Vinai Raksakulthi, M.D., and C. Sermchief, M.D., for medical malpractice and loss of consortium. Defendants' motion for summary judgment was granted on the grounds that the action is barred by the applicable two year statute of limitations, § 516.140, RSMo 1969, and judgment was rendered for defendants. On appeal, plaintiffs contend that defendants fraudulently concealed plaintiffs' causes of action thereby tolling the running of the limitation period under § 516.280, RSMo 1969. The facts upon which we must rely in deciding this issue are set forth in the petition, defendants' motion to dismiss, plaintiffs' memorandum in opposition to said motion, defendants' answer, defendants' motion for summary judgment, Gloria Brewington's affidavit in opposition to defendants' motion for summary judgment, and plaintiffs' answer to defendants' interrogatories. We reverse.

Prior to July 16, 1974, Gloria Brewington, being pregnant, sought the care and treatment of defendants, physicians and surgeons duly licensed to practice in Missouri, during her pregnancy, delivery, and postnatal care. Plaintiffs alleged that during the delivery of their child on July 16, 1974, defendant Raksakulthi made several incisions in the area of Mrs. Brewington's vagina, birth canal, rectum, colon, peritoneum, and lower intestinal tract and failed to properly close those incisions. They further contend that the sutures which Dr. Raksakulthi did make dissolved several days after the delivery. On or about July 23, 1974, Mrs. Brewington visited defendants' office and complained of severe pain in her lower tract, stool leakage into her vagina, and inability to control her bowel movements. Dr. Sermchief allegedly did nothing to help her and advised her that her problem was no cause for alarm, that she would get better with time, that she could be sewn up again in about six weeks, and that she should return in about three weeks for another examination. Upon her return three weeks later, Mrs. Brewington complained that her condition had not improved. Plaintiffs contend Dr. Sermchief again assured her that her condition was not serious and that a few sutures were all she required. Mrs. Brewington visited Dr. Sermchief for the last time shortly after Labor Day of 1974. At this time, he told her that she could enter the hospital at any time and that for a further fee of about $300 she could be sewn up. He assured her that her condition was no cause for alarm and was not permanent and that rectification would be routine and minor.

After an unsuccessful attempt to raise the $300 for her operation, Mrs. Brewington consulted Dr. Jerry F. McClain on November 4, 1974. Until that date, she had been under the exclusive care and treatment of Doctors Raksakulthi and Sermchief. Dr. McClain informed Mrs. Brewington, al-

legedly for the first time, of the true severity of her injuries. As a result of the incisions and failure to properly suture them, feces and urine were allowed to intermix with the organs and muscle tissue in the general vicinity of Mrs. Brewington's vagina and rectum for such a long time that said tissue and organs became "atrophied, degenerated, fouled and decayed" to such an extent as to preclude totally successful surgical corrections. Mrs. Brewington's condition will require numerous surgical procedures and a great deal of time spent in the hospital. Furthermore, she allegedly can never again have sexual relations or bear children.

Plaintiffs' petition further alleged that defendants' were at all times aware of the negligent manner of their delivery and post-natal care of Mrs. Brewington. Furthermore, by assuring Mrs. Brewington that her condition was not serious and urgent, representations defendants knew to be false, they fraudulently concealed from plaintiff the extent of her injuries and caused her further injury by causing her to delay the needed surgical repairs.

Defendants contend that the two year statute of limitations provided in § 516.140, RSMo 1969, began running on July 16, 1974, making the October 28, 1976, filing of this suit untimely. In contrast, plaintiffs contend that defendants fraudulently concealed plaintiff's cause of action until the November 4, 1974, examination by Dr. McClain, when Mrs. Brewington discovered the true nature and cause of her injuries. Plaintiffs argue that, by virtue of defendants' fraudulent concealment, the commencement of the running of the limitation was tolled until November 4, 1974. If this is so, plaintiffs' suit is timely.

■ Under Missouri law, it is clear that a defendant's fraudulent concealment of a medical malpractice cause of action against him acts to toll the running of the statute of limitations by virtue of § 516.280, RSMo 1969. *Swope v. Printz*, 468 S.W.2d 34, 36 (Mo.1971); *Kauchick v. Williams*, 435 S.W.2d 342, 345–47 (Mo.banc 1968); *Smile v. Lawson*, 435 S.W.2d 325, 327–28 (Mo.banc 1968); *Martin v. Barbour*, 558 S.W.2d 200, 209 (Mo.App.1977). In order to prevail on a § 516.280 fraudulent concealment claim, plaintiffs must prove the following things: (1) that in performing the surgery defendant[s] did or failed to do something which caused the [injury]; (2) that defendant[s'] conduct failed to meet the required standards of professional competence and therefore constituted negligence; (3) that defendant[s] had actual knowledge that [they] caused the [injury]; (4) that with that knowledge defendant[s] intended by [their] postoperative conduct and statements to conceal from plaintiffs the fact that they had a claim against [defendant(s)] for malpractice by reason thereof; (5) that defendant[s'] acts were fraudulent, and (6) that plaintiffs were not guilty of lack of diligence in not sooner ascertaining the truth with respect to the situation.

*Swope v. Printz, supra* at 38–39; *accord, Martin v. Barbour, supra* at 209; *see Kauchick v. Williams, supra*, at 349 (burden is on plaintiff to prove facts of fraudulent concealment); *Smile v. Lawson, supra* at 328 (burden is on plaintiffs to prove facts of fraudulent concealment).

Supreme Court Rule 74.04(h), V.A.M.R. requires that "[i]n no case shall summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." *Smile v. Lawson, supra* at 328. "[T]he appellate court, as well as the trial court, must view the record on summary judgment in the light most favorable to the party against whom the judgment [was] rendered." *Smile v. Lawson, supra* at 328; *accord, E. O. Dorsch Electric Co. v. Plaza Construction Co.*, 413 S.W.2d 167, 169 (Mo. 1967).

■ Viewing the record in this light, it presents issues of fact which require that the case be brought to trial. Plaintiffs have clearly alleged sufficient facts to bring elements (1), (2), and (3) of the *Swope* test into contention. Defendants do not claim otherwise. Instead, defendants assert that

plaintiffs have failed to place elements (4), (5), and (6) in issue. They argue, and the trial court agreed, that because Mrs. Brewington knew before October 28, 1974, that she had experienced seven or eight weeks of stool leakage, that her condition was not improving, and that she required further in-hospital surgery, defendants concealed nothing from plaintiffs. This theory, however, is far from the unassailable proof required for summary judgment by Rule 74.-04(h), *supra*.

Viewing the record in a light most favorable to plaintiffs, as we must, an inference could be drawn that defendants knew that their negligence had caused Mrs. Brewington severe injury to her lower tract, that any delay in suturing Mrs. Brewington's incision would cause further damage by reason of atrophy, decay, and infection caused by the intermixing of organs, urine, and feces, and that defendants concealed both the cause and extent of Mrs. Brewington's injuries. Based on defendants' post-operative conduct, Mrs. Brewington could reasonably have concluded that her injuries were not caused by defendants' neglect, but were part of the normal risks of going through a procedure necessary for delivery of her child. Thus, as to element (4) of the *Swope* test the record establishes a reasonable possibility that defendants concealed the facts underlying their claim from plaintiffs.

Furthermore, a reasonable inference can be drawn from the record that defendants' post-natal representations to plaintiffs were fraudulent within the meaning of element (5) of the *Swope* test.

> The elements of fraud are a representation; its falsity; its materiality; the speaker's knowledge of the falsity or his ignorance of its truth; the speaker's intent that his statement should be acted upon by the person and in [a] manner reasonably contemplated; the bearer's [sic] ignorance of the falsity of the statement; his reliance on its truth; his right to rely thereon; and his consequent and proximately caused injury.

*Ackmann v. Keeney-Toelle Real Estate Co.*, 401 S.W.2d 483, 488 (Mo. banc 1966). In a fraudulent concealment case, the "injury," of course, is plaintiff's inability to bring his cause of action within the applicable statute of limitations. In this case, defendants consistently told Mrs. Brewington that her condition was not unusual and did not recommend immediate surgical repair but did eventually suggest the condition could be cured with a few sutures at a cost of about $300. Viewing the record most favorably to plaintiffs' theory, these statements were false, defendants knew they were false, and defendants made them with the intent to conceal plaintiffs' cause of action for medical malpractice. Furthermore, plaintiffs were ignorant of the falsity of these representations. Because of the fiduciary relationship between doctor and patient, *Smile v. Lawson, supra* at 328; *Martin v. Barbour, supra* at 210, plaintiffs did rely and had a right to rely upon defendants' representations.

As to element (6) of the *Swope* test, the question of plaintiffs' lack of diligence in not sooner ascertaining the truth is certainly a question for the jury. Indeed, the issue is the crux of the parties' dispute. Thus, plaintiffs' allegations, if true, make a case for fraudulent concealment of their cause of action. The summary judgment record, therefore, does not rise to the requisite level of unassailable proof that defendants are entitled to judgment as a matter of law. *Smile v. Lawson, supra* at 328. On the record the trial court erred in sustaining the motion for summary judgment.

Accordingly, the judgment is reversed and the cause remanded.

REINHARD, P. J., and GUNN, J., concur.