**Constance A. SANDERS and Raymond Sanders, Appellants,**

v.

**H. NOURI, M.D., INC., and Hassan Nouri, M.D., Respondents.**

**No. 48350.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

Application to Transfer Denied April 30, 1985.

Arnold T. Phillips, Jr., St. Louis, for appellants.

Joseph M. Kortenhof, Rochelle Kaskowitz, Kortenhof & Ely, St. Louis, for respondents.

CRIST, Judge.

Appeal from the dismissal of an action for wrongful conception.

Appellants (patient and her husband) brought an action against respondent (doctor) for wrongful conception. The trial court dismissed their petition as barred by the statute of limitations. Section 516.105, RSMo 1978. Patient and her husband appeal. We reverse on Counts III and IV.

Appellants' petition presents three counts of patient against doctor. Husband joins a derivative count for loss of consortium, medical expenses, and cost of raising the child.

■ In Count I patient alleges the following: patient consulted doctor concerning a sterilization on or about October 10, 1980; thereafter, doctor performed the sterilization; doctor carelessly and negligently failed to remove enough of the tubes to have sterilization result; during the summer of 1981, patient saw doctor professionally regarding a missed period; on August 24, 1981, after several more visits, doctor confirmed her pregnancy; a son was born on February 5, 1982. Appellants concede the sterilization occurred on November 4, 1980. Their petition was filed on August 18, 1983. Patient and husband had two years from the date of the act complained of to bring suit. *Miller v. Duhart*, 637 S.W.2d 183, 188 (Mo.App.1982); Section 516.105, RSMo 1978. This was not done. Count I is barred by the statute of limitations.

In Count II of their petition, appellants allege the consultation on October 10, 1980, constituted a contractual agreement for sterilization which was breached. Patient's pregnancy resulted from the breach.

■ Appellants do not show wherein and why this states a cause of action. The count does not have a factual basis for recovery. In essence, Count II alleges strict liability applied to physicians. This is

not a basis for recovery. *Hershley v. Brown*, 655 S.W.2d 671, 674–75 (Mo.App. 1983).

In Count III appellants allege after the October 10, 1980, consultation, doctor agreed to and contracted with patient for her sterilization. During the operation, doctor removed .8 cm of the right tube and 1.1 cm of the left tube. However, in a statement concerning the operation doctor stated that 3.5 cm of each tube was removed.

Appellants allege doctor did not perform the surgical procedure to which patient consented. Patient was not apprised of the removal of smaller portions of tube. Doctor had actual knowledge he had removed substantially reduced pieces of each tube.

Appellants further allege after the operation doctor did not inform patient of the reduced amount of tube resected to prevent the possibility of a malpractice claim against himself. Relying on the doctor's previous statements regarding the sterilization, patient engaged in normal sexual relations following the operation. She became pregnant and bore a child.

Appellants allege doctor committed a battery on patient by performing a surgical procedure on her other than the one to which she had consented. They further allege doctor fraudulently concealed this battery from his patient immediately after the operation and during patient's later visits. We find Count III states a cause of action upon which relief can be granted.

Appellants rely on *Hershley v. Brown*, 655 S.W.2d 671 (Mo.App.1983), which held fraudulent concealment of a battery tolls the 2-year statute of limitations by virtue of Section 516.280, RSMo 1978. In *Hershley*, the patient agreed to a tubal ligation. Without her consent, the doctor allegedly inserted a tubal ring instrument in the patient's body. By implanting a foreign object in the patient, the doctor performed a different surgical procedure than agreed upon. This constituted a battery which the doctor allegedly concealed. This improper act tolled the running of the 2-year statute

of limitations until the fraud was discovered or could have been discovered through reasonable diligence. *Hershley, supra* at 676–77; Sections 516.280 and 516.105, RSMo 1978.

The allegations in *Hershley* differ from those in the case at bar. Unlike the patient in *Hershley,* patient in the instant case did not undergo a surgical procedure different in kind from the sterilization to which she had consented. Appellants allege only a smaller amount of tissue was removed. No foreign object was implanted in the body. Appellants' allegation of battery falls short of the standards set forth in *Hershley v. Brown, supra* at 676.

The scope of review in appeals from dismissal of a petition for failure to state a claim is well settled. The petition is to be construed favorably to the plaintiffs, giving them the benefit of every reasonable and fair intendment in view of the facts alleged. *Ingalls v. Neufeld,* 487 S.W.2d 52, 54 (Mo.App.1972). The pleader is required only to state ultimate facts. If the facts so pleaded, together with reasonable inferences that can be drawn from these allegations, show any ground upon which relief can be granted, the motion should be denied. *Sutton v. Sutton,* 567 S.W.2d 147, 148 (Mo.App.1978).

Although appellants' allegations may fall short of fraudulent concealment of a battery, as presented in *Hershley v. Brown,* 655 S.W.2d 671 (Mo.App.1983), we find the acts complained of in Count III sufficiently allege fraudulent concealment of medical malpractice which action also tolls the 2-year statute of limitations. Section 516.280, RSMo 1978. *Brewington v. Raksakulthi,* 584 S.W.2d 112, 114 (Mo.App. 1979).

That appellants have used the label battery rather than negligence is not fatal to their claim. In this area nomenclature is not firmly established. Some courts regard torts once considered battery as medical malpractice. *Vargas v. Rosal-Arcillas,* 108 Misc.2d 881, 438 N.Y.S.2d 986 (1981). An unauthorized operation in which no negligence is alleged can sound in negligence or malpractice. *Physicians' & Dentists' Business Bureau v. Dray,* 8 Wash.2d 38, 111 P.2d 568 (1941); *Maercklein v. Smith,* 129 Colo. 72, 266 P.2d 1095, 1098 (1954). In informed consent cases, plaintiff has been allowed to bring his action in either negligence or battery. *Brown v. Wood,* 202 So.2d 125, 130 (Fla. App.1967); see Annot., 89 A.L.R.3d 32, 53–54. Allegations similar to those pleaded in the case at bar have been found to state a cause of action in negligence. *Hardin v. Farris,* 87 N.M. 143, 530 P.2d 407 (App. 1974).

Regarding labeling, the Colorado Supreme Court has stated that the question is not whether plaintiff has alleged battery or negligence, but whether the allegations support a claim for negligence. *Maercklein, supra,* 266 P.2d at 1098. When compared with the requisite elements enumerated in *Brewington v. Raksakulthi,* 584 S.W.2d 112, 114 (Mo.App.1979), appellants' allegations support a claim for fraudulent concealment of medical malpractice.

Under *Brewington,* six things must be proven in a fraudulent concealment claim under Section 516.280 RSMo 1978: (1) in performing the surgery doctor did or failed to do something which caused the injury; (2) doctor's conduct was negligent; (3) doctor had actual knowledge that he caused the injury; (4) with that knowledge doctor intended by his postoperative conduct and statements to conceal from patient the fact that she had a claim against him for malpractice; (5) doctor's acts were fraudulent, and (6) patient was not guilty of lack of diligence in not sooner ascertaining the truth. *Brewington v. Raksakulthi,* 584 S.W.2d at 114.

Appellants' petition sufficiently alleges each element: (1) appellants allege doctor removed without consent smaller sections of tube than he later stated. Patient relied on statements indicating amounts removed would be sufficient for sterilization and engaged in sexual relations following the operation. Patient became pregnant and bore a child; (2) appellants allege doctor did not perform the surgery to which patient had consented. This charge can

sound in negligence. See discussion *infra;* (3) appellants allege doctor had actual knowledge he removed substantially reduced pieces of each tube; (4) appellants allege doctor did not tell patient he removed a reduced amount of tube to conceal the knowledge of malpractice from patient; (5) appellants allege doctor's knowledge of and failure to disclose surgical information after surgery and at successive visits of patient. Reasonable inference can be drawn from the facts alleged that doctor's failure to reveal actual surgical procedure was fraudulent. See *Brewington, supra* at 115; (6) appellants allege patient returned to doctor complaining of a missed period. Doctor did not then reveal the actual nature of the operation performed.

Count III adequately states a cause of action for fraudulent concealment of medical malpractice. Judgment on the motion to dismiss is reversed and remanded as to Counts III and IV and affirmed in all other respects.

DOWD, P.J., and CRANDALL, J., concur.