Patricia CLAIR, Plaintiff-Appellant,

v.

REPRODUCTIVE HEALTH SERVICES,
Defendant-Respondent.

No. 50683.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 9, 1986.

Robert A. Hampe, St. Louis, for plaintiff-appellant.

Frank Susman, P.C., David C. Lanigan, Susman, Schermer, Rimmel & Parker, Clayton, for defendant-respondent.

CARL R. GAERTNER, Presiding Judge.

Plaintiff filed this action against defendant alleging medical malpractice, battery and fraudulent concealment. Defendant filed a motion to dismiss contending plaintiff's claim was barred by the statutes of limitation, § 516.105, RSMo. 1978 and § 516.140, RSMo.Sup.1985. The trial court sustained defendant's motion and plaintiff appeals.

■ On appellate review of the granting of a motion to dismiss we must give the allegations of plaintiff's petition the benefit of every reasonable and fair intendment and if the facts pleaded and all reasonable inferences to be drawn therefrom, viewed most favorably from the plaintiff's point of view, show any ground for relief, the dismissal of the case cannot stand. *Hershley v. Brown*, 655 S.W.2d 671, 674 (Mo.App. 1983). We review the relevant allegations of plaintiff's first amended petition in light of this standard.

On April 16, 1983, plaintiff came under the care of the physicians employed by the defendant corporation. These employees carelessly and negligently performed certain tests and erroneously concluded plaintiff was pregnant, and then informed plaintiff that she was pregnant and obtained her consent to an abortion. They performed procedures upon her calculated to produce an abortion, although in fact she was not pregnant. The procedures induced such heavy bleeding that defendant's employees told plaintiff she required treatment at a hospital. She continues to require medical treatment and has sustained damage to her female organs.

In Count I plaintiff alleges these acts and omissions of defendant's employees were careless and negligent, entitling her to compensatory damages. In Count II she alleges they were willful, wanton and in reckless disregard of her rights and safety, entitling her to punitive damages. In Count IV she alleges that performance of the abortion procedure constituted a battery. In Count III of her petition, entitled "fraudulent concealment" plaintiff incorporates the facts alleged in the other counts and prays for damages on account thereof.

The allegations of the petition expressly acknowledge the suit was commenced more than two years after the commission of the allegedly wrongful acts by defendant. It is further alleged that after March 18, 1985, representatives of plaintiff in person, by telephone and by mail made 9 requests of defendant for copies of the records of plaintiff's medical treatment. Defendant responded to these requests by repeatedly promising to mail copies of the records to plaintiff's attorney, but refusing to permit the records to be picked up in person. Finally, on April 20, 1985, plaintiff's attorney received copies of the records together with a cover letter signed by defendant's attorney dated April 18, 1985, two days after the expiration of the statute of limitations. Plaintiff alleges that defendant has fraudulently concealed the facts giving rise to a malpractice claim, thereby invoking the tolling provision of § 516.280, RSMo. 1978.

It is firmly established that under § 516.-105 the two year period of limitation begins to run "from the date of occurrence of the act of neglect complained of." *Miller v. Duhart*, 637 S.W.2d 183, 189 (Mo.App. 1982). It is equally established that where a defendant fraudulently conceals the existence of a medical malpractice cause of action against him, the running of the statute of limitations is tolled under § 516.280. *Hershley v. Brown*, 655 S.W.2d at 676; *Brewington v. Raksakulthi*, 584 S.W.2d 112, 114 (Mo.App.1979).

Although not a model of clarity and precision, plaintiff's petition sufficiently pleads facts demonstrating improper acts constituting fraudulent concealment, thereby tolling the statute of limitations under § 516.280. We have reached a similar conclusion in two recent decisions wherein concealment from a patient of the actual surgery performed by a physician, having knowledge that the procedure performed differed from what the patient had consented to, was sufficient to invoke the tolling provisions of § 516.280.

■ In *Sanders v. Nouri*, 688 S.W.2d 24 (Mo.App.1985) during sterilization surgery the doctor removed a smaller portion of the fallopian tubes than the patient was told. In *Hershley v. Brown, supra,* a doctor surgically implanted a tubal ring rather than removing portions of the patient's fallopian tubes. In both cases we looked to the six elements required to establish fraudulent concealment as set forth in *Swope v. Printz,* 468 S.W.2d 34, 38–39 (Mo. 1971) and *Brewington v. Raksakulthi,* 584 S.W.2d at 114. These elements are:

(1) In performing the surgery doctor did or failed to do something which caused the injury;

(2) Doctor's conduct was negligent;

(3) Doctor had actual knowledge that he caused the injury;

(4) With that knowledge doctor intended by his post-operative conduct and statements to conceal from patient the fact that she had a claim against him for malpractice;

(5) Doctor's acts were fraudulent, and

(6) Patient was not guilty of lack of diligence in not sooner ascertaining the truth.

■ Plaintiff's petition sufficiently alleges each of these elements. (1) Defendant performed an abortion upon plaintiff when she was not pregnant, thereby causing injury; (2) such surgery was unnecessary and improper treatment and plaintiff's consent was not knowing and informed because it was based upon defendant's erroneously informing her she was pregnant;

(3) defendant had actual knowledge that no fetus was aborted; (4) defendant did not disclose this fact to plaintiff in order to conceal the existence of a malpractice claim; (5) this concealment and the subsequent refusal to disclose the records of plaintiff's treatment were fraudulent; (6) plaintiff's attempts to discover the true facts within the period of limitation were frustrated by defendant's withholding of the records. In reaching this conclusion we find particularly noteworthy the allegation that the records were withheld until two days after the expiration of the statutory period and then furnished by defendant's lawyer.

In *Hershley* we held that a petition alleging a physician's intentional concealment from his patient that he had performed a surgical procedure different from that consented to invoked the tolling provision of § 516.280 and stated a claim for battery. 655 S.W.2d at 677. In *Sanders* we held that a petition alleging a physician intentionally concealed the fact that he had surgically removed substantially smaller sections of fallopian tubes than reported stated facts tolling the statute of limitations for medical malpractice. 688 S.W.2d at 27. We also noted in *Sanders* that in cases of surgery differing from that consented to, the distinction between negligent malpractice and battery was blurred. *Id.* Here, plaintiff alleges negligent misdiagnosis and the negligent performance of unnecessary surgery for which her consent, based upon the erroneous information that she was pregnant, was not knowing and informed. Under *Hershley* and *Sanders,* proof of these allegations would support a claim for either negligent malpractice or for battery. In either case, proof of the allegations of intentional concealment of the existence of the claim would toll the running of the two year period of limitation.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

SMITH and SNYDER, JJ., concur.