**Garold Paul REHBEIN,**
**Plaintiff-Appellant,**

**v.**

**ST. LOUIS SOUTHWESTERN**
**RAILWAY COMPANY,**
**Defendant-Respondent.**

**No. 52197.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 23, 1987.

Motion for Rehearing and/or
Transfer Denied July 30, 1987.

Robert F. Ritter, St. Louis, for plaintiff-appellant.

Bradley Alan Winters, St. Louis, for defendant-respondent.

GARY M. GAERTNER, Presiding Judge.

Plaintiff Garold Paul Rehbein brought an action in conversion against his employer, defendant St. Louis Southwestern Railway Company. Plaintiff asserted that defendant had wrongfully withheld $491.67 from each of two paychecks for an alleged debt owed by plaintiff to defendant. In addition to the $983.34 in withheld funds, plaintiff sought $10,000.00 in punitive damages. Defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court sustained defendant's motion and granted plaintiff leave to file an amended petition. Plaintiff filed an amended petition, also sounding in conversion, and defendant filed another motion to dismiss for failure to state a claim. The trial court granted defendant's motion and dismissed plaintiff's amended petition. We affirm on the basis of lack of subject matter jurisdiction.[1]

Plaintiff asserts on appeal that the trial court erred in dismissing his complaint because his petition stated a valid claim for conversion. On appeal from the dismissal of a petition for failure to state a claim, we construe plaintiff's petition favorably to him, giving him the benefit of all reasonable and fair intendments in view of the facts alleged. *Sanders v. H. Nouri, M.D. Inc.*, 688 S.W.2d 24, 27 (Mo.App., E.D. 1985). If the pleaded facts and reasonable inferences therefrom show any ground upon which relief can be granted, the motion shall be denied. *Id.*

The law in Missouri holds that conversion is the "unauthorized assumption of

---

1. We deny defendant's Motion to Supplement the Record on Appeal which was taken with the case.

the right of ownership over the personal property of another to the exclusion of the owner's rights." *Maples v. United Sav. and Loan Ass'n,* 686 S.W.2d 525, 527 (Mo. App., S.D.1985); *see also, Hardesty v. Mr. Cribbih's Old House, Inc.,* 679 S.W.2d 343, 347 (Mo.App., E.D.1984). Furthermore, a general debt does not give rise to a cause of action in conversion. *Hall v. W.L. Brady Investments, Inc.,* 684 S.W.2d 379, 384 (Mo.App., W.D.1984). There is, however, a narrow exception to the rule that a claim for money may not sound in conversion. In order to fall within this exception, a plaintiff must have delivered funds to a defendant for a specific purpose, and the defendant must have diverted them to a different purpose of his own. *Dillard v. Payne,* 615 S.W.2d 53, 55 (Mo.1981).

In the instant case, defendant's withholding did not constitute conversion because if defendant owed plaintiff money, it was for work and labor already performed which gives rise to a claim for unpaid wages, a general debt. The exception noted above is also inapplicable under the facts. We observe, however, that plaintiff has alleged facts which support a cause of action for breach of contract and, therefore, his petition would withstand the motion to dismiss. Despite this conclusion, we affirm the result reached by the trial court for jurisdictional reasons.

Defendant raises in its brief the issue of subject matter jurisdiction. Lack of subject matter jurisdiction may be raised at any stage in the proceedings, even for the first time on appeal. *Commercial Bank of St. Louis Co. v. James,* 658 S.W.2d 17, 21 (Mo. banc 1983). Pursuant to Rule 55.-27(g)(3), an action shall be dismissed where it appears that subject matter jurisdiction is lacking.

We agree with defendant that plaintiff's complaint alleges a claim for unpaid wages which is a "minor" dispute under the Railway Labor Act, 45 U.S.C. § 151a. Minor disputes involve the interpretation of labor agreements and consider claims to past rights having vested or accrued. *Spencer v. Missouri Pacific R. Co.,* 581 F.Supp. 1220, 1221 (E.D.Mo.1984), *aff'd,*

743 F.2d 627 (8th Cir.1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 925 (1985); *Reed. v. National Air Lines, Inc.,* 524 F.2d 456, 458–59 (5th Cir.1975). In contrast, "major" disputes present fundamental differences regarding working conditions or existing agreements, or new agreements, or the addition of new provisions to agreements. *Chambers v. Burlington Northern, Inc.,* 692 F.2d 109, 111 (10th Cir.1982). Plaintiff's suit arose from his allegation that defendant had wrongfully withheld wages. The gravamen of plaintiff's complaint is breach of contract, and Congress has provided a comprehensive scheme for the settlement of employer-employee disputes in the railroad industry. Under *Andrews v. Louisville & Nashville R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), such minor disputes are the exclusive province of the Railway Labor Act and state law is preempted. *Id.* at 322, 92 S.Ct. at 1564. The National Railway Adjustment Boards, pursuant to 45 U.S.C. § 153, have exclusive jurisdiction over claims for lost wages unless an employee has alleged unfair representation by the union. *Franklin v. Southern Pac. Transp. Co.,* 593 F.2d 899, 901 (9th Cir., 1979), citing *Andrews, supra.* Having determined that plaintiff's petition is a claim for wages, plaintiff is obliged to pursue his grievance within the mechanisms established by the Railway Labor Act.

The granting of defendant's motion for summary judgment is affirmed.

SIMON and STEPHAN, JJ., concur.