John D. GARDNER,
Plaintiff–Respondent,

v.

Bob ROBINSON and Norma Robinson,
his wife, Defendants–Appellants.

No. 15622.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 28, 1988.

John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for plaintiff-respondent.

James E. Reeves, Ward & Reeves, Caruthersville, for defendants-appellants.

PREWITT, Judge.

Plaintiff is a dentist who furnished certain professional services to defendants. Following nonjury trial he received a judgment for $1,800 for the unpaid balance of his charges for those services. Defendants appeal.

In defendants' first point they state that the judgment was against the weight of the evidence and not supported by substantial evidence because plaintiff's Exhibit 1 was the only evidence to support the judgment and it was improperly admitted in evidence. When the exhibit was offered, among the objections made to it by defend-

ants' counsel was that it was "cumulative and repetitious" because plaintiff had already testified to the facts contained in the exhibit.

Regarding those facts defendants were correct. Plaintiff's testimony was substantially the same as the matters stated in the exhibit, so any error in admitting it, if error occurred, is not reversible. In a nonjury case the rules excluding evidence are less strictly enforced. *State v. Hodge,* 655 S.W. 2d 738, 743 (Mo.App.1983). The admission of improper evidence is not ordinarily a ground for reversal in a nonjury case, at least where it did not appear to have played a critical role in the court's decision. *Smead v. Allen,* 581 S.W.2d 93, 94 (Mo. App.1979).

An appellate court's primary concern is with the correctness of the trial court's decision and not the route by which it was reached. *Kramer v. Leineweber,* 642 S.W. 2d 364, 369 (Mo.App.1982). It is difficult to base reversible error on the erroneous admission of evidence in a court tried case; the party advancing such a contention must demonstrate that there was an absence of sufficient competent evidence to support the decree. Id.

In a jury-waived case a certain amount of latitude in the admission of evidence is allowed, and even where an error is made in the admission of evidence, except where the trial court relied on that evidence in arriving at its findings, such evidence is ordinarily held to be nonprejudicial. *State v. Leigh,* 580 S.W.2d 536, 545 (Mo.App.1979). See also *Mathis v. Glover,* 714 S.W.2d 222, 224 (Mo.App.1986).

There was no prejudicial error in the admission of Exhibit 1. It was cumulative and added nothing to earlier evidence.

Defendants' contention regarding the judgment being against the weight of the evidence also has no merit. In our review of a nonjury trial we set aside a judgment on the grounds that it is against the weight of the evidence with caution and only with a firm belief that the decree or judgment is wrong. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The

only detailed evidence on the services and the reasonable charges for them was offered by plaintiff and we have no firm belief that the judgment based on that evidence was wrong.

Defendants filed a counterclaim contending that plaintiff committed malpractice in furnishing the services alleged in his petition. For their second point defendants claim that the trial court erred in granting summary judgment dismissing the counterclaim. The services were furnished more than two years before this action was instituted and the trial court dismissed the counterclaim because it was barred by § 516.105, RSMo 1986.

Section 516.105 provides that actions against dentists and others "for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of...." Defendants do not claim that any of the exceptions contained in § 516.105 or § 516.280, RSMo 1986 apply. They acknowledge that *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141 (Mo. App.1974) and *Sisters of St. Mary v. Dennigmann,* 730 S.W.2d 589 (Mo.App.1987), are against them and urge us not to follow those decisions.

Defendants say in their brief "that under the facts of this case, the Statute of Limitations should not be used as a shield to protect Dr. Gardner from judicial inquiry into his treatment of the Robinsons and their damages." That statement is inaccurate as the statute of limitations does not prevent defendants from alleging and proving as a defense to plaintiff's claim that the services were not properly performed. See *Dennigmann,* 730 S.W.2d at 594; *Campbell,* 511 S.W.2d at 150.

*Dennigmann* and *Campbell* were correctly decided and their holding would bar defendants' counterclaim. The trial court properly followed them and granted summary judgment. This point is denied.

Defendants' remaining contention is that the trial court erred in rendering a joint judgment against both defendants.

At least in part, defendants are correct, and plaintiff acknowledges that they are. There was evidence that defendant Bob Robinson agreed to be responsible for plaintiff's charges for services performed for Norma Robinson, but no evidence that Norma Robinson agreed to be liable for the charges for services performed for Bob Robinson. We should correct the judgment to conform to that evidence. If possible to do so, an appellate court is obligated to enter the judgment that the trial court should have entered. Rule 84.14; *In re Marriage of Runez*, 666 S.W.2d 430, 433 (Mo.App.1983).

The judgment is modified so that plaintiff shall be entitled to receive $455 from defendant Bob Robinson with interest as provided in said judgment, and $1,345 from defendants Bob Robinson and Norma Robinson, jointly and severally, with interest as provided in said judgment, all effective as of January 19, 1988, the date of the judgment. In all other respects the judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.

HOGAN, J., not participating.