Gerald DECK, Plaintiff/Respondent,

v.

Martha BIRD, and Jerry Bird,
Defendants/Appellants.

No. 58413.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 25, 1991.

Wayne E. Schirmer, Moberly, for defendants/appellants.

Bollow, Wallace, McConnel & Greenwell, Gary Wallace, Shelbina, for plaintiff/respondent.

KAROHL, Presiding Judge.

Defendants, wife and son of Gerald Bird, deceased, appeal judgment for plaintiff in a court tried suit for conversion of partnership funds claimed by plaintiff. Plaintiff alleged defendants converted funds derived from a partnership in which plaintiff and Gerald Bird were partners. We affirm.

Defendants, Martha and Jerry Bird, admitted plaintiff and Gerald Bird entered into an oral partnership agreement involving purchase and sale of livestock. Plaintiff testified that he supplied capital and feed while Gerald Bird supplied day to day management. Profits and losses were to be divided equally after expenses.

The converted funds represent proceeds from the final sale of the livestock. Plaintiff alleged the proceeds were deposited into an account held jointly in the name of Gerald Bird and defendants. Defendants claim they only used the account under Gerald's direction and exercised no control over the funds. Martha Bird closed the account after Gerald's death.

Defendants allege five points on appeal. The first point concerns the trial

court's refusal to grant "Request For Findings of Facts, Grounds for Decision and Method of Determining Damages" pursuant to Rule 73.01(a)(2). The rule provides "the court shall render such judgment that it thinks proper under the law and the evidence. If any party so requests before final submission of the case, the court shall [render] ... a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if requested by counsel, shall, include its findings on such controverted fact issues as have been specified by counsel." Rule 73.-01(a)(2). "Submission is final when the evidence *and the arguments* are finished and the court takes the case, whether it is taken for immediate decision or merely under advisement preliminary to rendition of a decision." (Our emphasis). *McIntosh v. White*, 447 S.W.2d 75, 77, 78 (Mo.App. 1969).

During trial to the court on March 1, 1990, defendants submitted a Memorandum of Law to support their defense. The court granted plaintiff twenty days to respond and granted defendants ten days to reply. The last brief was due on March 31, 1990. Plaintiff timely filed a response memorandum on March 21, 1990. In place of a reply memorandum on April 2, 1990, defendants filed a request for Findings of Fact. Although memorandums are "argument" in a court tried case, the defendants filed the request after the March 31 deadline. Therefore, we hold the trial court was not required to make Findings of Fact because of the provisions of Rule 73.01(a)(2). The case was finally submitted on March 31, 1990. It would have been very helpful to the parties and this court if the trial court had explained the decision in such findings, but it was not required.

We find defendants' points II and III are meaningless because these claims of error are addressed to equitable matters asserted in Count I of the two count petition. Plaintiffs dismissed Count I. It was not submitted for judgment.

■ Point IV is an argument there was no credible evidence to support a finding defendants violated a confidence or trust, committed a fraud or were unjustly enriched. This point also is presented in terms more properly directed to the withdrawn Count I. If it contains a remote reference to plaintiff's legal claim in Count II for conversion it must be denied. Obviously, issues of confidences, trust and fraud are not necessary to proof of conversion. One who converts may be unjustly enriched but evidence of conversion by defendants does not depend on proof of unjust enrichment. One may deny a person his right to possession of property and thereby convert the property without enrichment, just or unjust, and without reference to fraud or a breach of trust. Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights. *Rehbein v. St. Louis Southwestern Ry. Co.*, 740 S.W.2d 181, 182–183 (Mo.App.1987). Conversion may lie to recover the value of funds held by a custodian who holds them for a specific purpose but diverts them from that purpose. *Emerick v. Mutual Ben. Life Ins. Co.*, 756 S.W.2d 513, 523 (Mo. banc 1988).

■ All that remains is the following:

THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF DECK TO TESTIFY AS TO AN ALLEGED ORAL PARTNERSHIP AGREEMENT BETWEEN HIMSELF AND GERALD BIRD SINCE GERALD BIRD WAS DECEASED AND NOT A PARTY TO THE LITIGATION AND SAID TESTIMONY BY DECK INCLUDED STATEMENTS ALLEGEDLY MADE BY THE DECEASED AS TO EXISTENCE AND TERMS OF SUCH ALLEGED ORAL AGREEMENT AND WERE OFFERED IN EVIDENCE TO PROVE THE TRUTH OF THE MATTER ASSERTED AND WERE THEREFORE HEARSAY AND INADMISSIBLE.

To the extent defendants oppose plaintiff's testimony regarding the existence of an oral partnership agreement the point is essentially moot because defendants stipulated plaintiff did have such agreement with Gerald Bird.

Additionally, defendants oppose plaintiff's testimony concerning terms of the agreement as hearsay. Plaintiff's testimony in the present case consisted of his rendition of the terms of an oral partnership agreement. Because the testimony only relates to plaintiff's knowledge of the transaction, the court properly admitted the testimony over defendants' hearsay objection.

We affirm.

CRANE and AHRENS, JJ., concur.