**Linda Faye EATON, Appellant,**

v.

**Royal Jackson EATON, Respondent.**

**No. 44765.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Harry J. Nichols, St. Louis, for appellant.

Merle L. Silverstin, Clayton, for respondent.

CRIST, Judge.

On respondent's (husband's) motion, the trial court modified the parties' 1971 dissolution of marriage decree by eliminating the provision therein for wife's maintenance, set at $500.00 per month. Wife appeals. It was husband's burden to show that since the decree was entered wife's circumstances have changed, and that those changes have been so substantial and continuing as to make the maintenance provision unreasonable. *Clisham v. Clisham,* 485 S.W.2d 660, 664–65 (Mo.App.1972); § 452.-370.1, RSMo 1978. Because there is no such showing in the record before us, the order modifying the decree is reversed.

Our holding results from the dearth of evidence in the record on appeal. Hus-band's evidence of wife's changed circumstances concerned chiefly her salary increase and financial status since the parties' decree was last modified (with respect to child support) in 1979. There is no evidence of anything before then material to modifying the maintenance provision. Both parties in their briefs allude to a Statement of Income and Expenses and a Statement of Property filed by wife in this proceeding on the morning husband's motion was heard. However, for whatever reason, those documents are not in the record on appeal and therefore not before us. *State v. Matthews,* 512 S.W.2d 248, 249 (Mo. App. 1974). Also, we have been sent as a "supplement to legal file" what purports to be wife's Income and Expense Statement filed in 1976 in connection with another post-decree motion in this cause. The document was not an exhibit nor offered in evidence in the proceeding under review however, and being no part of the trial court record, it also is not before us. *See Stix & Co., Inc. v. First Mo. Bank & Tr. Co., Etc.,* 564 S.W.2d 67, 69 (Mo. App. 1978). That leaves only wife's testimony at the hearing on husband's motion.

Wife testified that when the dissolution of marriage decree was last modified in 1979, she was living in Houston, Texas with the parties' two minor children and working as a nurse anesthetist at a Veterans' Administration hospital earning a net monthly income of $1,300. In July, 1981, the time of the hearing, she was residing in southern California with a live-in companion with whom she had jointly purchased a home for about $125,000. The companion had made the $12,000 down payment on the home estimated now to be worth $130,000, and the two share equally the monthly house payments as well as all other living expenses. Wife continues to receive from husband $200 per month child support for each of the two children; she retained the home in Texas, expecting to be transferred back to Houston within a month following the hearing, and had been renting it for $625 per month (which covered her share of the California house payments); and she had $3,500 in a savings account, left over

from husband's lump sum payment in 1979 of a $23,000 arrearage in maintenance and child support payments. Wife testified she continued to work as a nurse anesthetist at a Veterans' Administration hospital in Los Angeles. Though her gross annual salary was $32,300, her net monthly salary was $1,400—$100 per month more than she earned in Texas. Her assets consisted of four years' contributions of seven percent of her salary to a government pension plan, two automobiles, and sundry pieces of household furniture and personal property worth altogether between $3,000 and $3,500. There is no evidence of what the automobiles are worth or when they were acquired, and as to the remaining personal property we know only that "in the last couple years" wife had purchased "[a] dresser, two night stands, and a dining room table and six chairs."

Against the sketchy evidence of wife's income and assets is set even sketchier evidence of her expenses. It is this: Aside from the $600 per month payments on the California house to which we referred earlier, the only evidence of expenses was that wife spent $40 to $50 per month on clothes.

The salient changes in wife's circumstances shown in this record are that the market value of the California property has increased by $5,000, which the co-owners presumably will share, and that her take-home salary has increased by $100 per month since 1979. We conclude husband did not sustain his burden of showing such material changes in wife's circumstances as would justify terminating wife's maintenance, and that the trial court's order to that effect is not supported by substantial evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

ORDER REVERSED.

REINHARD, P.J., and SNYDER, J., concur.