**Gerald DOW, Petitioner-Appellant,**

v.

**Marion DOW, Respondent-Petitioner.**

**No. 50919.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 28, 1987.

Michael C. Walther, Clayton, for petitioner-appellant.

Michard M. Stout, Chesterfield, for respondent-petitioner.

GARY M. GAERTNER, Presiding Judge.

Husband filed a motion to modify that section of the parties' divorce decree so that his obligation to provide maintenance would be reduced or eliminated. He also sought to cite wife for civil contempt relating to her alleged obstruction of his temporary custody rights with the couple's minor child. Finally, he sought payment of his attorney's fees. Husband now appeals

from the court's denial of his motions. We affirm.

The parties were divorced in 1980 following an eight year marriage. Custody of their minor child was awarded to Wife. Originally, Husband was required to pay $100.00 per month for child support and $243.00 per month in maintenance. In 1982, Wife filed a motion to modify, and Husband's obligation was increased to $300.00 per month for child support and $350.00 per month in maintenance. Husband filed the instant motion to modify in 1983. The hearing on said motion was on October 23, 1985.

At the time of dissolution, Wife held a Bachelor of Arts Degree in Education from St. John's University, but was unemployed. Husband was employed by Honeywell Corporation in the electronics field. At the time Husband filed this motion to modify in 1983, he was still employed by Honeywell. Wife's circumstances had changed, in that she had obtained an Associate Degree in business from St. Louis University and was newly employed by AFJ Industries as an accounts receivable clerk. Husband alleged in his petition that her employment constituted a change so continuing and substantial that continued maintenance was unreasonable. He also alleged that his resources had become encumbered due to inflation and his remarriage.

At the date of the hearing, October 23, 1985, Wife was still employed full-time at AFJ Industries and received $864.00 per month in wages and was entitled to medical and dental insurance for herself and the minor child. She shared living quarters and expenses with her mother and sister. In contrast, Husband testified that he lost his position at Honeywell on July 15, 1985, and that he had been unsuccessful in obtaining employment during the four months prior to the hearing. In response to the court's inquiry about his future employment prospects, Husband stated, "It does not look good." Husband's earned income for 1984 was $38,000.00.

■ This court is limited in its scope of review. The judgment of the trial court will not be reversed unless there is no evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's opportunity to assess the credibility of the witnesses. *Early v. Early*, 659 S.W.2d 321, 323 (Mo. App., W.D.1983). In a motion to modify a maintenance award, the burden of proof is on the person seeking the modification to show that the parties' circumstances have changed, and that those changes have been so substantial and continuing as to make the maintenance provision unreasonable. Section 452.370, RSMo (Cum.Supp.1984); *Eaton v. Eaton*, 637 S.W.2d 799, 800 (Mo. App., E.D.1982). The statutory standard for modification is intended to be strict so as to discourage recurrent and insubstantial motions for modification. *Magaletta v. Magaletta*, 691 S.W.2d 457, 458 (Mo.App., E.D.1985).

■ Courts have reviewed many factors to determine what constitutes a change of circumstance so continuing and substantial as to render an award unreasonable. Factors considered include: 1) the obligor spouse's future earning potential and the ability to pay support while meeting his or her own financial needs, *Magaletta v. Magaletta*, 691 S.W.2d 457, 459 (Mo.App., E.D.1985); 2) shared living expenses, *Eaton v. Eaton*, 637 S.W.2d 799, 801 (Mo.App., E.D.1982); 3) remarriage, *Calicott v. Calicott*, 677 S.W.2d 953 (Mo. App., S.D.1984); and 4) custody of unemancipated children, *Magaletta v. Magaletta*, 691 S.W.2d 457, 459 (Mo.App., E.D.1985). Other types of permanent changes might include physical disability, age, or retirement. *See* Krauskopf, J.M., *Maintenance: A Decade of Development*, 50 MO.L.REV. 259, 283–301 (1985); 18 A.L.R.2d 1, *Annotation: Modification of Alimony Decree*. Finally, unemployment can also constitute a change so continuing and substantial as to make the terms of a decree unreasonable. *Holt v. Holt*, 633 S.W.2d 171, 173 (Mo.App., E.D.1982). However, unemployment does not necessarily or automatically require modification. *Foster v. Foster*, 537

S.W.2d 833, 836 (Mo.App., W.D.1976). A temporary slump in income will not cause the maintenance to be reduced. *Calicott v. Calicott,* 677 S.W.2d 953, 956 (Mo.App., S.D.1984).

■ From the evidence before it, the trial court could reasonably have inferred that Husband's unemployment was not a permanent condition. Husband was young, experienced, and with no apparent health problems to prevent him from enjoying full-time employment. It was not error, therefore, for the trial court to have concluded that Husband's 4–month period of unemployment was insufficient evidence, absent more, of a continuing and substantial change of circumstances warranting modification of the maintenance award.[1]

■ In assessing Husband's allegation that Wife's newly found employment mandated the reduction or elimination of maintenance, the trial court properly considered Wife's reasonable monthly expenses and income.

■ There was no evidence in the record that Wife's monthly needs had decreased, and absent such a showing, a reduction in maintenance is not justified. *Seelig v. Seelig,* 540 S.W.2d 142, 147 (Mo.App., E.D. 1976). Although Wife had been working for approximately two years at the time of the hearing, there was no evidence that she would enjoy a substantial increase in income in the near future and her present income did not cover her expenses. The fact that Wife shared her living quarters and expenses with her mother and sister was not shown to have significantly affected her monthly expenses. It was also established that Wife had not received a substantial portion of the support payments and that Husband was in arrears at the time of the hearing. Furthermore, Wife had assigned her support rights to the Missouri Division of Family Services (DFS) in 1982 in order to obtain welfare benefits; the record reflects the fact that five writs of execution and garnishment were levied on Husband's employer in 1982 and 1983,

and DFS threatened to garnish Husband's wages in 1983.

For the foregoing reasons, we hold that Husband has not met his burden of proof, and the trial court did not err in denying his motion to reduce or eliminate maintenance. Point denied.

Husband contends in his second point that the court erred in denying his motion to cite Wife for contempt. He alleged that she obstructed his temporary custody rights with their minor child between 1982 and 1984. His final point, related to the second, claims that the court erred in denying him attorney's fees related to Wife's alleged civil contempt.

■ In child custody and visitation cases, courts have a duty to protect their orders. *Escobedo v. Escobedo,* 686 S.W.2d 52, 53 (Mo.App., E.D.1985). However, the courts have been reluctant to impose the harsh sanctions of contempt upon a parent unless the disobedience of the court's decree is willful and intentional. *Bopp v. Bopp,* 671 S.W.2d 348, 352 (Mo.App., E.D. 1984). The ruling of the trial court will not be disturbed absent a clear abuse of discretion. *Bopp,* 671 S.W.2d at 352.

■ There was no evidence that Wife willfully or intentionally violated Husband's temporary custody rights. Rather, the evidence indicates that visitations were disrupted or thwarted because of Husband's lack of contact, the child's illnesses, or Wife's concern for the child's welfare. Where no willful or intentional disobedience of the court's decree exists, it was not error for the court to deny attorney's fees to Husband. Points two and three are denied.

The judgment of the trial court is affirmed.

SIMON and STEPHAN, JJ., concur.

---

1. Husband is not precluded from filing a motion to modify if and when the lack of employment or income has become continuing and substantial. *See Crooks v. Crooks,* 666 S.W.2d 33, 34 (Mo.App., W.D.1984); *Hutcherson v. Hutcherson,* 553 S.W.2d 487, 488 (Mo.App., E.D. 1977).