**Richard J. BUNCH, Plaintiff-Appellant,**

v.

**Janice Bartle BUNCH,
Defendant-Respondent.**

**No. 53041.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

March 15, 1988.

Mary L. Rhodes, Hannibal, for plaintiff-appellant.

James D. Terrell, Hannibal, for defendant-respondent.

DOWD, Judge.

Plaintiff appeals from the judgment entered by the circuit court modifying the dissolution decree. Plaintiff sought to have the maintenance award of $500.00 per month reduced to a reasonable sum in light of the change in conditions and circumstances experienced by the parties since the time of the original dissolution decree in July 1981. The circuit court reduced the maintenance award to $300.00 per month as of April 1, 1986, the date of filing. We find no error and affirm the judgment of the trial court.

As a result of neither party requesting the trial court to make specific findings of fact and conclusions of law, all fact issues shall be considered as having been resolved in accordance with the result reached. Rule 73.01(a)(2).

The parties were divorced in Marion County Circuit Court in Hannibal, Missouri on July 21, 1981. All three children of the marriage were emancipated at the time of the divorce. During the marriage plaintiff was a self-employed burial vault manufacturer with a net income of approximately $31,730.00 and defendant was unemployed. The divorce decree awarded defendant

$500.00 per month maintenance. Part of the marital property awarded to defendant included the net proceeds from the sale of the marital home to be paid over a one hundred month period of time in $500.00 monthly installments.

On April 1, 1986, plaintiff filed a motion to modify the dissolution decree requesting "the Court to enter an Order modifying the Decree of Dissolution of Marriage to decrease the periodic maintenance retroactive to the date of the filing of this motion to a sum, if any, which is reasonable in light of the ... described change in conditions and circumstances...."

At the time of the modification hearing, defendant was employed as a pharmacy technician. Her evidence indicated that her monthly expenses of $955.00 exceeded her monthly wages of $622.48. In addition to her wages each month, defendant receives $500.00 in maintenance and $500.00 from the proceeds of the sale of the marital home, part of her marital property distribution. Defendant was fifty-two years old and in good health. Defendant has $9,000.00 in a savings account and $600.00 in savings bonds. She purchased a home valued at $22,800.00 and placed a down payment of $9,000.00 cash on this home. Although she had been working for approximately four years at the time of the hearing, there was no evidence that she would experience a substantial increase in income in the near future and her present income without the maintenance award did not cover her expenses.

Plaintiff sold his burial vault business in December of 1986 and since that time has been unemployed. Plaintiff testified his reason for selling his profit-making business was due to his son's departure from the business in order to pursue another career. Plaintiff was fifty-one years old and claimed physical limitations restricting his ability for future employment. Plaintiff's only source of income is the $150.00 he receives from the rental of a house. He testified to his attempts at re-employment such as his sending out letters to different factories around the town. Plaintiff owns a piece of property and a business building valued at $85,000.00 to $125,000.00. His only indebtedness is $13,000.00 owing on the building. Plaintiff testified his monthly expenses totalled $2,196.50.

Based on the evidence submitted at the hearing, the trial court found "there has been a substantial and continuing change of circumstances since entry of the Decree herein requiring a modification of the prior Decree of this Court." On February 25, 1987, the trial court entered an order reducing the maintenance award from $500.00 to $300.00 per month retroactive to April 1, 1986, the filing date of plaintiff's motion. Plaintiff then filed a motion to correct or amend judgment or in the alternative a motion for a new trial. The trial court denied plaintiff's motions requesting the court to limit and/or reduce the payment of maintenance for a specific term, or in the alternative, grant a new trial on the issue whether the decree should be modified to eliminate maintenance. Plaintiff appeals.

Our review of the modification order is limited in its scope and governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and we are to uphold the judgment of the trial court if the trial court's findings are supported by substantial evidence and are not against the weight of the evidence. Furthermore, the trial court's findings must not erroneously declare the law or apply the law. *Id.* The statutory standard for modification of a maintenance award is "a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370, RSMo Cum.Supp. 1988. The burden of proof is on the party seeking the modification, plaintiff in this case, to show substantial and continuing change of circumstances in either the recipient spouse or the obligor spouse so as to make the maintenance provision unreasonable. *Eaton v. Eaton*, 637 S.W.2d 799, 800–01 (Mo.App.1982); *Dow v. Dow*, 728 S.W.2d 714, 716 (Mo.App.1987).

Plaintiff contends on appeal the trial court erred by not terminating the maintenance payments or limiting the duration of time of the payments, and the trial court abused its discretion by continuing the modified maintenance award for an indefi-

nite period of time because its decision is against the weight of the evidence. Neither party disputes the trial court's finding of a substantial and continuing change in circumstances.

In the case at bar, the trial court found a substantial and continuing change of circumstances since the time of the divorce decree and modified the maintenance award according to this change of circumstances. Plaintiff's evidence of defendant's changed circumstances concerned chiefly her improved financial status since the parties' original decree in 1981. Plaintiff's evidence fails, however, to prove that defendant's income alone is sufficient to meet her expenses. Within four years defendant will no longer receive her distribution from the sale of the marital home, part of the property given to her in the division of the marital assets at the time of the divorce. Moreover, the evidence raises serious doubt as to plaintiff's good faith in seeking new employment. Although he claims physical limitations prevent him from doing certain work, he presented no medical testimony or any other physical evidence showing any impairments on his ability to work. Unemployment or a reduction of the income of the spouse who is obligated to make maintenance payments is a proper factor to be considered, but this alone does not necessarily or automatically mandate a modification, especially where there has been no substantial changes in the needs of the other spouse. *Dow, supra,* at 716; *Foster v. Foster,* 537 S.W.2d 833, 836 (Mo.App.1976); *Seelig v. Seelig,* 540 S.W.2d 142, 147 (Mo.App.1976).

Under the standards set out above and in light of the fact that defendant's income does not exceed her expenses, we conclude plaintiff did not sustain his burden of showing such material changes in defendant's circumstances as would justify reducing the award of maintenance below $300.00 or limiting the duration of time of the maintenance award payments. The trial court's modification order was based upon substantial evidence, and the record fails to demonstrate an abuse of discretion by the trial court in its modification order.

Accordingly, we affirm the judgment.

SATZ, C.J., and SIMEONE, Senior Judge, concur.