**Leona Clora WEIR, Respondent,**

v.

**George Thomas WEIR, Appellant.**

**No. 53721.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

---

Kenneth A. Seufert, Farmington, for appellant.

Eric C. Harris, Flat River, for respondent.

CRIST, Judge.

Husband brought a motion to modify the parties' dissolution decree in which he sought a termination of his obligation to pay maintenance. The court issued an order reducing the amount wife received in maintenance. We affirm.

The parties were first married in 1968. They divorced in May of 1980 but subsequently remarried in May of 1981. Their second marriage was short lived and was dissolved on July 30, 1982. By the terms of that dissolution decree husband was to pay wife $50 per week in maintenance. Wife, who was fifty-eight years old in 1982, had a third grade education and extremely limited work experience. Since turning sixty-two she has been collecting social security based upon husband's income and the income of a husband from an earlier marriage. Husband at the time of the dissolution was working full time at Amax Lead Company earning over $20,000 a year. In May 1986 husband's employer closed its plant and husband was laid off. Husband has worked several temporary jobs since then and is continuing to look for full-time employment. Although he complains of back pain, husband admits his ability to work is unimpaired. During the parties' marriages husband was always able to find a job and was never unemployed for long; wife, on the other hand, did not work because husband wanted her in the home.

Husband sought the modification and thus bore the burden of showing the change of circumstances required by § 452.370.1, RSMo 1986. *Lyles v. Lyles*, 710 S.W.2d 440, 442[1] (Mo.App.1986). The court's determination of whether the parties' circumstances have changed so as to warrant a modification will be upheld on appeal unless it is against the weight of the evidence, is unsupported by substantial evidence or erroneously states the law. *Id.* at [2]. The trial court is in the best position to judge the credibility of the witnesses. *Id.*

■ Husband argues the trial court abused its discretion in reducing maintenance to $35 per week and not terminating it altogether. The record supports the trial court's findings "that there has not been a showing of substantial and continuing change of circumstances of [husband] such that [husband] is no longer able to make maintenance payments," and that "there has been no substantial and continuing change of circumstances of [wife] such that [wife] is no longer in need of any maintenance payments as provided by the Decree of Dissolution." Husband's first point is denied.

■ Husband also asserts the trial court erred in awarding wife attorney fees. The award of attorney fees in a modification

proceeding is in the discretion of the trial court. *Otey v. Otey,* 723 S.W.2d 600, 602[7] (Mo.App.1987). There was no abuse of discretion considering the parties' respective financial situations and expectations. The fact that the court denied wife's motion for contempt because husband did not, at the time of the modification, have the funds to pay $1,200 in past-due maintenance does not make the award of attorney fees an abuse of discretion. *See McLaugh-* *lin v. McLaughlin,* 585 S.W.2d 567, 569[7] (Mo.App.1979).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.