Patricia Michele **COOPER**, Respondent,

v.

Wayne **COOPER**, Appellant.

No. 55071.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 15, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 13, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Frank J. Niesen, Jr., St. Louis, for appellant.

Friedmann, Weitzman & Friedman, P.C., Arthur Friedman & Elaine E. Bensavage, St. Louis, for respondent.

KAROHL, Judge.

Husband, Wayne Cooper, appeals from decree of dissolution and order of contempt. The trial court heard dissolution proceedings together with wife's motion for contempt against husband for husband's failure to pay temporary maintenance. Husband claims the contempt motion was not noticed for hearing, was improperly tried with the dissolution case, and the court erred in finding husband in contempt. Husband also alleges seven points of error related to the dissolution decree.

Wife, Patricia Michele Cooper, filed a petition for dissolution on May 1, 1986. On June 9, 1986, wife filed a motion pendente lite requesting $3,000 monthly maintenance and attorney's fees. The court awarded wife $1,200 per month for temporary maintenance and ordered husband to pay $1,000 for wife's attorney's fees.

Husband paid wife temporary maintenance in July, 1986. He failed to pay maintenance for August. On August 6, 1986, wife filed a motion for contempt against husband for his failure to pay maintenance. Husband thereafter filed a motion to modify the award of temporary maintenance. On September 25, 1986, the motions for contempt and to modify maintenance were heard by the court. Prior to the hearing, husband paid wife maintenance for August. The court denied the motion for contempt. The court also denied husband's motion to modify maintenance.

Subsequently, on October 17, 1986, wife filed another motion for contempt against husband, alleging husband failed to pay temporary maintenance for September and October. Husband filed a motion for sanctions against wife. A hearing to show cause why husband should not be held in contempt and to consider the motion for sanctions was set for November 7, 1986. The hearing was continued until November 26, 1986. The dissolution was also scheduled for November 26, 1986. An order scheduling both hearings read as follows: "Petitioner's Motion For Contempt and Respondents [sic] Motion For Sanctions continued to 9:00 A.M. on November 26, 1986. This cause is set for trial at 9:00 A.M. on November 26, 1986 in Division 8." No hearing was held on November 26, 1986, nor was there an entry in the minutes of proceedings for that date.

Notices from the court scheduling subsequent court dates did not specifically refer to the motion for contempt. They stated only that "cause was set" for a specific date. Husband claims the notices for the dissolution were insufficient notice that the court would hear the motion for contempt together with the dissolution. Therefore, husband contends, the motion for contempt was not properly before the court. According to husband, he was unaware the motion for contempt would be heard at the dissolution hearing. He timely objected to the joint hearing. He claims he was unprepared to defend the contempt motion and was thereby prejudiced. Wife claims the notice in November, 1986, scheduling both the dissolution and contempt hearing for November 26, 1986, put husband on notice the two matters would be heard together. Wife contends the notice of the dissolution hearing was sufficient notice to hear the motion for contempt.

The court cannot find a party who challenges notice of hearing in contempt for violating a court order unless the court hearing the contempt motion can confirm such party has received proper notice. *See, Simmons v. Megerman,* 742 S.W.2d 202, 206 (Mo.App.1987). If a party does not receive proper notice, a court cannot enter a contempt judgment. *See, State ex rel. Shepherd v. Steeb,* 734 S.W.2d 610, 611–12 (Mo.App.1987). Where a person's liberty is

at stake the proper notice has been held "essential to the court's jurisdiction in the premises that the mandatory requirements of the law be fully complied with." *Ex Parte Trant*, 238 Mo.App. 105, 175 S.W.2d 161, 164 (1943). We find husband did not receive proper notice of the contempt hearing.

■ The dissolution hearing was held on March 3, 1988. At the hearing, husband argued the contempt hearing had not been properly noticed up. The court stated:

> COURT: All right. Now, let me—Before you say anything, Mr. Niesen, let me simply say this, that there—it has not technically been noticed up. Is that a correct statement, gentlemen? I mean, it hasn't—
>
> MR. NIESEN: It hasn't been—
>
> MR. FRIEDMAN: Your Honor, it's—
>
> MR. NIESEN: —noticed up.
>
> MR. FRIEDMAN: it. No. But on nothing—
>
> THE COURT: No, but, I mean, just—it hasn't been technically noticed up. All right.

The fact the dissolution hearing and the motion for contempt were both scheduled for November 26, 1986, did not necessarily indicate the court would hear both matters together in March, 1988. Husband needed to present different evidence for the dissolution than he did to defend against the motion for contempt. For the dissolution, husband needed only to demonstrate his financial situation at the time of the hearing. To defend against the motion for contempt, husband was required to show his financial situation and inability to pay wife temporary maintenance from September, 1986, to March, 1988. Husband was thereby prejudiced by the court hearing the motion for contempt. The notice sent by the court to hear the dissolution was insufficient notice of the contempt proceedings and the court's finding of contempt was fatally defective. *See, Simmons*, 742 S.W.2d at 206.

■ Wife, however, contends the order of contempt is not ripe for review because wife has not yet sought to enforce the contempt order. The court found husband in contempt for failing to pay wife temporary maintenance from September, 1986, through March, 1988, and ordered husband to pay wife back maintenance of $1,200 a month for a total of $22,800. The court stated it would order husband incarcerated if the full amount was not paid on or before November 7, 1988. Husband failed to pay wife the $22,800. The court has not yet issued an order to incarcerate husband.

■ Generally, an order finding a party in contempt is not final until the court's order is enforced. *Creamer v. Banholzer*, 694 S.W.2d 497, 499 (Mo.App.1985). Here, however, husband challenges the trial court's authority to hear the motion for contempt. He correctly relies on his claim that the record facts confirm absence of notice. The trial court expressly noted absence of notice. Hence, no judgment on the unnoticed contempt motion was, or is, possible in the present appeal and before a noticed hearing. A holding of this court that absence of a final judgment deprives this court of jurisdiction is not dispositive because such holding implies there was a valid but not final judgment. The implication fails as a matter of law.

Husband also claims the court erred in failing to grant husband's motion for directed verdict on the issue of maintenance and in awarding wife maintenance of $500 monthly. He alleged there was no basis for the court to award maintenance to wife, because wife was self-supporting by employment and husband was unemployed.

■ We review an award of maintenance only for an abuse of discretion. *Franke v. Franke*, 747 S.W.2d 202, 203 (Mo.App.1988). We will affirm a dissolution decree awarding maintenance unless it is against the weight of the evidence or erroneously declares the law. The burden is on the party challenging an award of maintenance to show the award was an abuse of discretion. *Williams v. Williams*, 753 S.W.2d 101, 102 (Mo.App. 1988).

We cannot say the trial court abused its discretion in awarding wife maintenance.

The court awarded wife property including an automobile valued at $2,500, household goods valued at $3,450 and a bank account valued at $130. In her Statement of Income and Expenses dated October 20, 1987, wife listed monthly expenses of $2,595 and a gross income of $337.50 a week, or approximately $1,350 monthly. Therefore, wife's monthly expenses exceed her income by approximately $1,245. Wife requested $1,200 a month in maintenance. The court awarded wife $500 a month.

■ Although husband testified he was unemployed at the time of dissolution, there was sufficient evidence from which the court could impute an income for husband. If a spouse is unemployed at the time of dissolution, a court still may impute the income of a spouse who has failed to get employment at his income capabilities. Past, present and anticipated earning capacity may properly be considered in determining a spouse's ability to pay. *Goodwin v. Goodwin*, 746 S.W.2d 124, 126 (Mo.App. 1988); *Klinge v. Klinge*, 554 S.W.2d 474, 476–77 (Mo.App.1977).

■ Here, husband is a college graduate. He earned a salary of between $24,000 and $30,000 annually for several years prior to the dissolution. In his Statement of Income and Expenses dated August 28, 1986, husband reported he earned an income of approximately $28,000 during 1985. At the dissolution, husband stated he earned a salary of approximately $2,000 a month in 1986, plus fringe benefits. The benefits included an automobile and an apartment which rented for $750 monthly. Husband also testified he drew salary of approximately $2,000 a month plus benefits in 1987. When asked if in 1983, 1984, and 1985, he earned over $30,000 a year, plus benefits, husband replied, "[t]hat's correct." In addition, husband testified he was the sole owner of two corporations, Twin City Theatre League, Inc., and Minnesota Broadway Partnership. In his Statement of Property, dated August 28, 1986, husband valued the stock in the Twin City Theatre League, Inc., at $400,000. Husband was an officer of the corporations and received his salary from the corporations.

The companies may have been of little value at the time of the trial. However, his earning potential, based on his prior management of these companies and his prior earnings was substantial.

Husband claimed at the dissolution hearing the stock in his corporations was worthless. He contended the businesses had been losing money, and were no longer viable. Husband claimed he had no employment or source of income at the time of dissolution, and that he last received a salary in December, 1987.

In its Amended Findings of Fact, the court stated:

> That in the 1985 tax year immediately preceding the parties separation, Respondent [husband] had income of approximately Thirty Thousand Dollars ($30,000.00) plus fringe benefits paid by his corporations. Respondent is a graduate of Tulane University and is capable of earning a comparable income, and the Court so imputes this ability to Respondent.

■ To warrant a change on appeal, the amount of maintenance must be unwarranted and wholly beyond the means of the spouse who pays.

Husband also contends the trial court erred in awarding wife attorney's fees. The court ordered husband to pay $4,500 in wife's attorney's fees for the dissolution, plus wife's attorney's fees of $1,000 that husband had been ordered to pay at the pendente lite hearing.

■ Whether to award attorney's fees in a dissolution is discretionary. We review only for an abuse of discretion. *Russell v. Russell*, 740 S.W.2d 672, 675 (Mo. App.1987); *Cook v. Cook*, 706 S.W.2d 606, 608 (Mo.App.1986). A court must, however, consider all relevant factors when awarding attorney's fees, including the financial resources of both parties. *Petty v. Petty*, 739 S.W.2d 738, 742 (Mo.App.1987).

■ Although husband testified he was unemployed at the time of the dissolution hearing, there was evidence husband had earned between $24,000 and $30,000 annually between 1983–1987. Husband testified

he earned approximately $24,000 in 1987. In addition, husband's corporations furnished his apartment and automobile. Wife works as a sales associate and earns approximately $1,350 monthly. Her income does not include expenses for her apartment or automobile. Wife testified she had no assets from which to pay attorney's fees. We cannot say the court abused it discretion in awarding wife attorney's fees.

Husband also claims the court erred in admitting wife's Exhibits 3, 4 and 17 into evidence. Exhibit 3 was a balance sheet of Twin City Theatre League, Inc. It listed the assets of the corporation and loans made to husband from the corporation as of October 31, 1985. Exhibit 4 was a letter from the corporation's accounting firm discussing the liabilities and equity of Twin City Theatre League, Inc. in October, 1985. Exhibit 17 was a financial statement of husband dated February 29, 1986. In the financial statement, husband valued the stock in Twin City Theatre League, Inc., of which he had sole ownership, at $263,000.

■ Husband's only objection to Exhibits 3 and 4 was hearsay. Admission of evidence alleged as hearsay is reversible error only if the complaining party is prejudiced. *Iota Management Corp. v. Boulevard Investment Co.*, 731 S.W.2d 399, 411 (Mo.App.1987); *Conoyer v. Conoyer*, 695 S.W.2d 480, 482–83 (Mo.App.1985). Prejudicial error in the admission or rejection of evidence in court tried cases is not generally an issue. *City of Town and Country v. St. Louis County*, 657 S.W.2d 598, 608 (Mo. banc 1983). In a court tried case, it is almost impossible to base reversible error on an erroneous admission of evidence. *Iota Management Corp.*, 731 S.W.2d at 411; *Conoyer*, 695 S.W.2d at 482.

■ Here, husband testified regarding the contents of Exhibits 3 and 4. He stated Exhibit 3 contained a list of assets of Twin City Theatre League, Inc., as of October 31, 1985. He also answered questions regarding information contained in Exhibits 3 and 4 about loans made from the corporation to husband and assets and liabilities of Twin City Theatre League, Inc., in 1985. Information regarding the contents of the exhibits was already in evidence. There was competent evidence, excluding the exhibits, to support the court's order. Husband suffered no prejudice by having the exhibits admitted into evidence.

■ Husband's claim that admission of Exhibit 17 into evidence constituted prejudicial error also fails. Husband's objection to Exhibit 17 was "[i]t's irrelevant, immaterial, and it hasn't been executed." Exhibit 17 was a financial statement of husband dated February 29, 1986. It contained an estimated value of the stock in Twin City Theatre League, Inc. Husband testified the statement, "has a value. Evidently this was done to attempt a loan." The financial statement listed the value of the stock in the corporation at $263,000. With this testimony in evidence, husband was not prejudiced by admission of Exhibit 17 into evidence.

■ Husband also contends the court erred in valuing the stock in Twin City Theatre League, Inc., at $100,000. At the dissolution husband testified the stock was worthless. The court awarded wife forty-nine percent of stock in the corporation and husband fifty-one percent.

Regardless of the actual value of the stock, the court divided it between the parties. The value placed on the stock does not affect the division of property. The court did not order husband to pay wife $49,000. It granted her forty-nine percent of the corporation's stock. If the corporation is worthless wife receives no benefit from ownership of the stock. However, if the value of the stock improves, or is actually worth $100,000, wife's share of the stock will have value. The court divided the marital property between the parties. Husband is not prejudiced by the court's valuation of the stock.

Husband cannot claim prejudice in the court's valuing the stock at $100,000 and awarding a forty-nine percent share to wife for another reason. In both husband's Motion to Amend the Judgment and Opinion and in husband's Proposed Findings of

Fact, Conclusions of Law, and Order he suggested the court give wife *all* shares of stock in Twin City Theatre League, Inc. In his Proposed Findings of Fact, Conclusions of Law, and Order husband stated the stock should be awarded as follows:

*To Petitioner:*

2. Since she [wife] feels that there is some value to the failed businesses, whatever interest Respondent [husband] has in Twin City Theatre League, Inc. and Minnesota Broadway Partnership, Inc. both Minnesota Corporations.

In his Alternative Motion to Amend the Judgment and Opinion, husband stated the following:

3. Respondent [husband] suggests that, in order to correct and amend the order, the Court should:

\*       \*       \*       \*       \*       \*

(b) Grant Petitioner [wife] the rest of the interests in Minnesota Broadway Partnership, Inc. and Twin City Theatre League, Inc. in lieu of any PDL maintenance pending.

Husband was willing to allow the court to give wife all stock in both corporations. In addition, by offering stock to wife in lieu of $22,800 PDL maintenance owed wife, husband suggests there is, in fact, a value to the stock. Husband proposed the court award wife all the stock, and he cannot now claim prejudice in the award of forty-nine percent. Point denied.

■ Husband's final claim is the court erred in amending the decree of dissolution and findings of fact. After issuing the dissolution decree on May 5, 1988, the court issued an amended decree on June 24, 1988. According to husband, the court had lost jurisdiction to amend the decree after it overruled husband's Motion for New Trial and Motion to Amend the Judgment and Opinion. However, the court amended the decree in the same order in which it denied husband's motion. The court maintained jurisdiction to amend the decree.

■ Generally, a trial court loses jurisdiction once it overrules a post-trial motion. A court may correct only clerical or typographical errors nunc pro tunc after it loses jurisdiction. *See, Brunton v. Floyd Withers, Inc.*, 716 S.W.2d 823, 826 (Mo.App.1986). The purpose of the nunc pro tunc amendment is to make a record conform to what was actually done when there is a basis in the record for the amendment. *Id.*

Here, the court did not amend the decree *after* ruling on a post-trial motion. The court ruled on husband's post-trial motions and entered its order to amend the decree on the same date. The order read:

Respondent's [husband's] Motion For New Trial And Alternative Motion To Amend The Judgment And Opinion Heard, Submitted And Denied. Court On Its' Own Motion To Amend The Original Decree Of Dissolution To Correct Typographical Errors.

The Court's Amended Decree of Dissolution and Findings of Fact were dated June 24, 1986. It denied husband's post-trial motions in the same order. The court lost jurisdiction *after* June 24, 1986. The court had subject matter jurisdiction when it issued the amended decree and findings of fact. The court did not err in amending the decree.

Affirmed in part, reversed in part.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.