In re MARRIAGE OF Dorothy A. CLARK and Thomas B. Clark.

Dorothy A. CLARK,
Petitioner–Respondent,

v.

Thomas B. CLARK,
Respondent–Appellant.

No. 57601.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 1990.

Alan E. DeWoskin, Clayton, for respondent-appellant.

Hardy C. Menees, Ebert, Menees, & Kriegel, Clayton, for petitioner-respondent.

CRANE, Judge.

Husband appeals from a decree of dissolution of marriage. He challenges certain evidentiary rulings and the financial provisions of the decree involving maintenance, attorney's fees and the division of marital property. Husband also appeals from the circuit court's denial of his motion to modify the order of temporary maintenance. We affirm.

Thomas B. Clark [husband] and Dorothy A. Clark [wife] were married on February 13, 1959. Three children were born of the marriage, all of whom were emancipated by the time of trial. On July 10, 1987 wife petitioned for legal separation. On July 28, 1987 husband answered and cross-petitioned for dissolution of marriage. The court thereafter sustained wife's motion for maintenance, attorney's fees and costs *pendente lite* and awarded wife $175 per week in temporary maintenance, $750 in attorney's fees on account, and $250 in costs.

On April 6, 1989, husband filed a motion to modify the order of temporary maintenance. He claimed that because of changed circumstances, specifically his medical disability and subsequent reduction in salary, he was unable to pay the amount due each month. He requested that the court either reduce the maintenance amount to zero or reduce the amount retroactive to the date of filing the motion to modify. This motion was heard with the dissolution action and was thereafter overruled.

On September 13, 1989, the court heard the dissolution action. Wife testified that she had been employed the last thirteen years of the marriage and, at the time of the trial, was earning a gross salary of $1,417 per month. Wife also testified that during the later years of the marriage husband consumed excessive amounts of alcohol and hid approximately $18,000 in marital assets.

Husband denied excessive alcohol consumption. He admitted that he "set aside" $12,000 in marital assets in 1985 but stated that he placed it back into the family budget over the next few years. He also testified that he was actively employed by NCR Corporation from June, 1959 to November, 1988. In the six years of employment with NCR prior to trial, he grossed an average $57,800 per year. He testified that in November, 1988, he was diagnosed as suffering from a major depressive episode and the doctor recommended that he go on medical disability. The diagnosing psychiatrist testified that this was not necessarily a permanent disability and that at some point he would be able to resume work. Husband also testified that he intended to return to full time employment at NCR. At the time of trial, the husband was collecting medical benefits of $319 per week. These payments were to end in November, 1989.

The decree of dissolution was entered on September 29, 1989. In relevant part, the court found misconduct on the part of husband during the later years of the marriage, consisting of habitual excessive alcohol consumption and concealment and dissipation of marital assets. The court concluded that husband was capable of employment but chose to remain unemployed during the litigation. Also, the court found that wife was not able to support herself through appropriate employment to the standard she would have maintained had the marriage not been dissolved and that she lacked sufficient property, including marital property apportioned to her, to meet her reasonable needs. The court resolved all credibility issues against husband. The court concluded that husband's unreasonable settlement tactics and pre-trial discovery increased the amount of attorney's fees incurred by wife. The court awarded wife $320 per month maintenance and divided the marital property among the parties. The court ordered husband to pay $5,000 of the $12,500 wife had incurred in attorney's fees. This appeal followed.

The decree of dissolution must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *Williams v. Williams*, 753 S.W.2d 101, 102 (Mo.App. 1988). The admission of improper evidence

is not ordinarily a ground for reversal in a non-jury case. *Gardner v. Robinson,* 759 S.W.2d 867, 868 (Mo.App.1988). In a court-tried case a certain latitude is allowed in the admission of evidence. Except where a trial court relies on inadmissible evidence in arriving at its findings, such evidence is ordinarily held to be nonprejudicial. *Id.*

For his first point, husband contends that the court erred in admitting evidence on settlement negotiations. The evidence in issue was a letter from wife's attorney to husband's attorney offering to settle the issues in dispute. We first note that, although this exhibit was offered into evidence, it was never formally admitted. However, husband argues that it was improperly considered by the court to reach its finding that husband's unreasonable settlement tactics and pretrial discovery increased wife's attorney's fees. Wife's attorney had offered the exhibit into evidence for this specific purpose.

■ Offers of settlement are inadmissible to prove liability for or invalidity of the claim or its amount. *Ellis v. Ellis,* 747 S.W.2d 711, 716 (Mo.App.1988); Mo. Evidence Restated, Sec. 408 (Mo.Bar 1984). The exhibit was never admitted and there is no indication that the court erroneously relied on its contents in determining the merits of the dissolution action. If it was relied on, it was relied on solely to resolve a collateral issue—whether settlement tactics increased wife's attorney's fees. We find no prejudicial error. *Coffman v. Faulkner,* 591 S.W.2d 23, 26 (Mo.App. 1979).

■ For his second point, husband contends that the trial court abused its discretion in allowing wife's attorney to ask husband's psychiatrist on direct examination whether he knew that husband had four prior attorneys in this case. Later in the trial, husband's attorney asked husband, "(N)ow, you've had three lawyers in this case; is that right?". An objection to the admission of evidence is waived where the objector elicits or introduces the same or similar evidence. *Alvey v. Sears, Roebuck and Company,* 360 S.W.2d 231, 234 (Mo.1962) (quoting from 88 C.J.S. *Trial*

§ 116 at 236). This evidence did not materially affect the outcome of this case and, therefore, does not constitute reversible error. Husband's second point is denied.

Husband contends under his third point that the $320 per month in maintenance was excessive in light of his ability to pay and wife's needs. Husband asserts that wife could support herself through her employment and from income-producing marital property apportioned to her.

■ We review an award of maintenance only for an abuse of discretion. *Cooper v. Cooper,* 778 S.W.2d 694, 697 (Mo.App. 1989). To justify a change on appeal, the amount of maintenance must be unwarranted and wholly beyond the means of the spouse who pays. *Id.* at 698; *Hart v. Hart,* 741 S.W.2d 105, 106–7 (Mo.App. 1987). It is the burden of the party challenging an award of maintenance to demonstrate that the award is so excessive as to constitute an abuse of the trial court's discretion. *Williams, supra,* 753 S.W.2d at 102.

■ The court based the maintenance award on husband's disability income. While this income was slightly lower than wife's income, there were other factors the court considered in determining the award. The court was entitled to consider the husband's past and future earning capacity. *Cooper, supra,* 778 S.W.2d at 698. For six years prior to trial, husband's average earnings were $57,800 per year. The court's conclusion that husband had the potential to earn far more than he was then making is supported by the evidence. A court may also consider a party's misconduct, including alcohol abuse, during the marriage. *In re Marriage of Medlock,* 749 S.W.2d 437, 445 (Mo.App.1988). There was substantial evidence to support the trial court's conclusion that the husband abused alcohol and hid marital assets.

Furthermore, the court found that wife could not support herself independently to the standard she maintained before the marriage was dissolved. The standard of living established during the marriage is one of the factors to be considered in

**500**

awarding maintenance. § 452.335.2(4). This factor is of increased importance in a long-term marriage. *Brueggemann v. Brueggmann*, 551 S.W.2d 853, 857 (Mo. App. en banc 1977).

The court clearly took the relevant statutory factors into consideration. The award is not deficient because the court failed to specifically state it was guided by the statutory factors. *Starrett v. Starrett*, 703 S.W.2d 544, 548 (Mo.App.1985). The trial court did not abuse its discretion in awarding maintenance. The third point is denied.

For his fourth point, husband contends that the court abused its discretion in dividing the marital property because the court based a disproportionate distribution of the property on marital misconduct. He first argues that there was no misconduct. He further asserts that the court did not consider the statutory factors set forth in § 452.330.1 RSMo 1986.

The Dissolution of Marriage Act consigns the division of marital property to the sound discretion of the trial court. *Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo. banc 1984). We must defer to the trial court's judgment unless the judgment is improper under the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or an abuse of discretion is shown. *Id.; Burbes v. Burbes*, 739 S.W.2d 582, 585 (Mo.App.1987). A court is not required to make an equal division of marital property. *Id.* at 869; *Kreitz v. Kreitz*, 750 S.W.2d 681, 685 (Mo.App.1988). However, marital property must be apportioned in a manner which is fair in light of all the circumstances. *Burbes, supra*, at 585; *Medlock, supra*, 749 S.W.2d at 445.

Marital misconduct is a factor the court may consider in dividing marital property. § 452.330.1. *Burbes, supra*, 739 S.W.2d at 585; *Kreitz, supra*, 750 S.W.2d at 685; *Medlock, supra*, 749 S.W.2d at 445. Here, the trial court found that husband consumed excessive amounts of alcohol and

that he concealed marital assets. Moreover, while this misconduct toward his family is alone sufficient to justify an award of a greater proportion of the marital property to wife, *Usrey v. Usrey*, 781 S.W.2d 556, 560 (Mo.App.1989), the court did not base an unequal division of property on this factor alone.[1] In dividing the marital property, the court specifically stated that it was "guided by section 452.330 RSMo". The court specifically referred to the parties' contributions to the acquisition of the marital property, the economic circumstances of each party at the time of the division, the conduct of the parties during the marriage, and the value of the property set apart to each of the parties, all of which are factors. The court did not abuse its discretion in dividing the marital property. The fourth point is denied.

For his fifth point, husband contends that the order to pay $5,000 of wife's attorney's fees was excessive and unreasonable in light of husband's resources, his ability to pay, his medical condition, and the distribution of marital property. The award of the attorney's fees is a matter resting in the sound discretion of the trial court. *Wynn v. Wynn*, 738 S.W.2d 915, 920 (Mo.App.1987); *Hemphill v. Hemphill*, 710 S.W.2d 438, 439 (Mo.App.1986). The award will not be overturned absent a manifest abuse of discretion. *Ederle v. Ederle*, 741 S.W.2d 883, 885 (Mo.App.1987).

In ordering the payment of $5,000 in attorney's fees, the court stated that it considered the financial resources of both parties, which is the only factor expressly listed under the statute. § 452.355.1 RSMo 1986. The court also stated that it considered other relevant factors including conduct of the parties during the marriage, value of the property set apart to each of the parties, and the parties' potential future earning capacities. A husband may properly be ordered to pay his wife's attorney's fees where he has a greater earning ability than wife, *Gonzalez v. Gonzalez*, 689 S.W.2d 383, 386 (Mo.App.1985), and

---

**1.** Husband contends the division is even more unequal than appears in the court's order because some of the assets awarded to him were overvalued by the trial court. For the purposes of deciding this issue, we accept husband's values.

where the husband's conduct caused the increased amount of attorney's fees. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 655 (Mo. banc 1989).

The court was properly guided by the relevant statutory factors in making the award of attorney's fees. The award of $5,000 was less than half of the total of $12,500 wife incurred. *See, T.B.G., supra,* 772 S.W.2d at 655. We find no abuse of discretion in the award of attorney's fees. *Allen v. Allen,* 770 S.W.2d 529, 531 (Mo. App.1989). Husband's fifth point is denied.

For his sixth point, husband contends that the court abused its discretion in denying his motion to amend P.D.L. order retroactive to the date of filing. An order *pendente lite* "may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1 RSMo 1986; *F.W.H. v. R.J.H.,* 666 S.W.2d 910, 913 (Mo.App.1984). The statutory standard for modification is intended to be strict in order to discourage recurrent and insubstantial motions for modification. *Dow v. Dow,* 728 S.W.2d 714, 716 (Mo.App. 1987). It is the burden of the party seeking a modification to show a substantial and continuing change of circumstances. *Id.* Husband argues that his medical disability and subsequent loss of income amounted to such a substantial and continuing change of circumstances as to make the temporary maintenance award of $750 a month unreasonable. We disagree. The record shows that husband's disability and loss of income were temporary. Husband's psychiatrist testified that this was not necessarily a permanent disability. Husband testified that he intended to go back to work. A temporary slump in income will not cause the maintenance to be reduced. *Id.* at 717.

The fact that the order for periodic maintenance was much less than the temporary maintenance award is not significant. A *pendente lite* order and a decree of dissolution are independent orders. *In Re Marriage of Deatherage,* 595 S.W.2d

36, 37 (Mo.App.1980). The *pendente lite* order stands on its own merits and is not relevant to the wife's future or permanent needs as provided for in the decree of dissolution. Husband's sixth point is denied.

The judgment of the trial court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.