In re the Marriage of Suleyman
GULMEN, Appellant/Cross–
Respondent,

v.

Guner B. GULMEN, Respondent/Cross–
Appellant.

Nos. 61464, 61491.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 5, 1993.

Jack J. Cavanagh, Danis & Boyce, Clayton, for appellant.

John D. Dwyer, Biggs, Fickie & Dwyer, St. Louis, for intervenor.

Stanley J. Goodkin, Michael B. Marker, Carr, Korein, Tillery, Kunin, Montroy, Glass & Bogard, St. Louis, for respondent.

SMITH, Judge.

Both parties to this dissolution action appeal. As to husband's appeal we affirm in part and reverse and remand in part. As to wife's appeal we affirm.

The parties were originally married in Ankara, Turkey, in 1969. Husband is an orthodontist; wife is a medical doctor specializing in internal medicine. Two children were born of the marriage—Funda, a daughter, born May 30, 1972 and Tolga, a son, born November 4, 1976. The trial court "reluctantly" awarded custody of both children to husband. Husband was also the custodian pursuant to the *pendente lite* order. Both the *pendente lite* order and the final decree required child support from the wife. The original *pendente lite* order provided specific and frequent temporary custody to the wife. It further provided: "If respondent [wife] telephones Petitioner to exercise her temporary custody rights, Petitioner shall in the presence of the children and while on the phone with Respondent encourage the children to visit with Respondent." That order was entered in May 1990. In December of that year the wife filed a motion to abate the child support alleging that because of husband's conduct, husband had failed and refused to comply with the May order and that wife had had no contact with the children since entry of the *pendente lite* order. In the motion wife sought abatement of her support obligation pursuant to the provisions of § 452.340.6 RSMo 1992 Supp. That motion was apparently taken with the case, as was apparently a motion for contempt filed by wife which is not a part of the legal file. In March and May 1991, the court entered orders requiring husband to physically take Tolga to wife's residence for visitation or temporary custody.

In the decree of dissolution the "Court finds reluctantly that the best interest of the minor children would be served by the Husband having legal custody, and by placing their primary physical custody with the Husband." The court further sustained wife's motion to abate and found that she owed no child support payments from October 1990 to present "because Wife was unable to exercise her temporary custody rights under the May 15, 1990, PDL order due to Husband's failure to encourage the minor children to visit Wife". In ruling on the motion for contempt the court found "that Husband intentionally and contumaciously violated the May 15, 1990 PDL order by failing to encourage the minor children to visit with their mother and the Court further finds that Husband purposely engaged in conduct, the collective effect of which caused both minor children to become alienated from their mother."

The husband appeals from the order abating the child support, from the order finding contempt, from the distribution of marital property, and from an award to wife of a portion of her attorney's fees. We will deal briefly with the last two matters first. The challenge to the distribution of marital property is centered around the valuation the court placed on the professional practices of the parties. Where there is a conflict in evidence of property value, deference is given to the trial judge to resolve the conflict. *Schelsky v. Schelsky*, 796 S.W.2d 888 (Mo.App. 1990) [8]. The trial court is entitled to believe the testimony of either party and can disbelieve expert testimony. *In re Marriage of Smith*, 785 S.W.2d 764 (Mo. App.1990) [5]. The value placed on the practices was the value testified to by wife's expert. The court was entitled to disbelieve husband's experts and accept the testimony of wife's expert. The difference between the experts was whether substantial accounts receivable of husband's ortho-

dontic practice had already been largely earned or whether they represented contractual obligations for work largely still to be performed. We find no error in the court accepting wife's expert's valuation based upon the concept that the accounts had already been largely earned. There was evidence to support that opinion.

■ A trial court has a broad discretion in the award of attorney fees, and the award will not be disturbed on appeal unless the trial court has abused its discretion. *In re Marriage of Gourley*, 811 S.W.2d 13 (Mo.App.1991) [13–15]. Inability of a party to pay is not a requirement for awarding fees. *Id.* The court is an expert in the matter of attorney's fees. The court here ordered the husband to pay approximately 25% of wife's attorney's fees a portion of which were obviously incurred in attempting to enforce visitation and temporary custody provisions of the *pendente lite* order. We find no abuse of discretion.

■ Wife in her appeal seeks to reverse the trial court determination that the best interest of the children calls for custody in the husband. The matter is for practical purposes moot as to the daughter who is now almost 21 and a student in a California university. The record here is replete with evidence that both son and daughter are totally estranged from their mother. It is certainly inferable that that estrangement is the result of the efforts of the husband to create such an estrangement. But we are unable to conclude that the trial court erred in finding that the best interest of the son would not be served by placing him into the custody of a mother that he so vehemently denounces and with whom he cannot communicate. We therefore affirm, albeit also reluctantly, the trial court determination of custody.

■ We now turn to the issues of abatement of child support and the finding of contempt. Section 452.340.6 provides in pertinent part:

A court may abate, in whole or in part, any future obligation of support or may transfer the custody of one or more children if it finds:

(1) That a custodial parent has, without good cause, failed to provide visitation or temporary custody to the noncustodial parent pursuant to the terms of a *decree of dissolution, legal separation or modifications thereof;* and

(2) That the noncustodial parent is current in payment of all support obligations pursuant to the terms of a *decree of dissolution, legal separation or modifications thereof* (Emphasis supplied).

Husband contends that the abatement statute has no application to the child support here because the support for which abatement is sought was pursuant to a *pendente lite* order which is not a decree of dissolution or of legal separation nor a modification thereof. Husband's brief sets forth the reasoning for this conclusion as follows:

This view that § 452.340.6 does not apply to PDL orders conforms to the principles of common sense as well as the plain meaning rule of statutory interpretation. A non-custodial parent, made as such by a PDL order, pending further action by the court, may, by the filing of a simple motion, request a change or modification of the order and/or compel compliance with the order. However, once a court enters a decree of dissolution or legal separation, the non-custodial parent must engage the court's jurisdiction anew, serve the offending parent with process, and possibly suffer delay and irreparable damage as a result. Thus, the General Assembly apparently viewed as adequate the remedies already available for noncompliance with a PDL order, and, as a result, withheld from § 452.340.6 the application of abatement to PDL orders. The withholding of this power to abate child support awarded in a PDL order compels a court to exercise powers otherwise available, including, but not limited to, sanctions, modification or clarification of such order which would not deprive a child of the financial support of a noncustodial parent.

We are not in disagreement with this conclusion reached by husband. The language of the statute limits its application

to decrees of dissolution, legal separation or modifications thereof. An order *pendente lite* is none of those. We conclude that § 452.340.6 does not apply and did not authorize the court to enter the abatement order contained in the dissolution decree.[1]

That does not, however, end our inquiry. It is apparent that the court felt strongly that the conduct of the husband had deprived the wife of the visitation and temporary custody of her children. It is apparent that the court desired to give wife relief of some type for the conduct of the husband. We hold that the method chosen was not authorized. But the court has available to it the power of contempt and the power to modify the *pendente lite* order. The contempt power is bestowed by § 452.400 which provides the nature of sanctions which can be imposed. It further contains a general grant to the court of "any and all powers relating to contempt conferred on it by law or rule of the Missouri supreme court." The court here made a finding of contempt but imposed no sanctions as such for the contempt, probably in the belief that the abatement ordered was an adequate sanction. We have held the abatement beyond the power of the court under the statute by which it purported to act. That holding should not deprive the trial court of the opportunity to impose such proper sanctions as it deems warranted by the husband's conduct.

It is possible for a court to modify an order of support *pendente lite*. *In re Marriage of Clark*, 801 S.W.2d 496 (Mo. App.1990) [17, 18]. Such a modification can be made only as to installments coming due after the filing of the motion. *Id.* We believe the wife's motion to abate could properly be treated as a motion to modify. A modification of such an order can only be made upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. *Id.;* § 452.-370.1 RSMo 1992 Supp. We are not prepared to say as a matter of law that severe alienation of a child by one parent against

the other is not such a changed circumstance. We therefore remand the case to the trial court.

Portion of the decree abating child support is reversed and remanded, in all respects the decree is affirmed. Costs assessed against husband.

GARY M. GAERTNER, P.J., and CRAHAN, J., concur.

---

1. Because the statute does not apply to pendente lite orders, its requirement of currency of support payments also does not apply. The statute does, however, express a policy which courts should consider where *pendente lite* orders are involved.