**Joycane Arlene REESE, Respondent,**

v.

**Billy Gene REESE, Movant–Appellant.**

**No. 19204.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 13, 1994.

Gary A. Kamp, Marble Hill, for movant-appellant.

Richard Whiffen, Sikeston, for respondent.

GARRISON, Judge.

This is an appeal by Billy Gene Reese (Husband) from a judgment entered on his motion to modify a maintenance award in favor of his former spouse, Joycane Arlene Reese (Wife).

When the parties' marriage was dissolved in November 1988, Wife was awarded maintenance in the amount of $850 per month. At that time, Husband was an independent insurance agent and part-time pastor with a gross income of over $36,000 per year, while Wife was unemployed other than working in the family business, for which she received no direct income. Husband's gross income increased in 1989 to $49,466, and in 1990 it was $48,017.

In 1991, however, the Missouri Department of Insurance commenced an investigation of Husband, which resulted in the filing of an 11–count complaint with the Administrative Hearing Commission alleging misappropriation of money belonging to an insurance company or an insured person, breach of fiduciary duties, and allegations that he lacked trustworthiness and competence. Details of the investigation and complaint were made public in the news media in Southeast Missouri where Husband lived. In March 1992, Husband surrendered his license to sell insurance to the State of Missouri with the agreement that he would never ask for its reinstatement.

Husband testified that as a result of the adverse publicity surrounding the investigation and complaint, his income dropped in 1991 to $34,537, in 1992 to $9,427, and at the time of trial in September 1993, his income for that year had been $5,669. He further testified that he had been unable to find employment and that his income, consisting mainly of commissions on insurance renewals, was insufficient to meet his expenses. His attempts to find employment, however, had apparently been confined to the geographic area where he had previously sold insurance and where the adverse publicity had occurred.

The evidence also indicated that Wife, who had a tenth grade education, obtained a GED following the dissolution and ultimately became employed as a receptionist for a dentist. At the time of trial she was working an average of 32 hours per week earning $7.50 per hour. Her monthly expenses, however, were approximately $630 greater than her monthly income.

Husband sought a reduction or, in the alternative, termination of the maintenance award in his motion to modify, filed in May 1992, based upon the loss of his license to sell insurance in Missouri and the decrease in his income which he alleged was "through no fault of his own." The trial court, in a Judgment entered October 19, 1993, found a substantial and continuing change of circumstances and decreased the monthly maintenance award from $850 to $300 commencing November 2, 1993.

Appellate review of a modification order is limited in its scope and is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Bunch v. Bunch*, 746 S.W.2d 634, 635 (Mo.App.E.D.1988). Therefore, this court must affirm the trial court's judgment unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* The trial court is in the best position to judge the credibility of witnesses. *Weir v. Weir*, 748 S.W.2d 190, 191 (Mo.App.E.D.1988). Deference is accorded the trial judge even if there is evidence which might support a different conclusion. *Hughes v. Hughes*, 761 S.W.2d 274, 276 (Mo. App.E.D.1988).

Husband's first allegation of error concerns the trial court's failure to terminate his maintenance obligation. In arguing that the judgment was against the weight of the evidence, Husband contends that his financial reverses and unemployment were "involuntary"; that because he is 54 years of age with an eighth grade education, it is unlikely that he will be able to find employment providing the income he previously realized from the insurance business; and that Wife is now employed. In court-tried cases, however, an appellate court may not set aside a judgment because it is against the weight of the evidence unless the record generates a firm belief that the judgment was wrong. *Murphy v. Carron*, 536 S.W.2d at 32; *Westrich v.*

*Westrich,* 694 S.W.2d 873, 879 (Mo.App.S.D. 1985).

In the instant case, there was evidence from which the trial court could conclude that Wife, although employed, was unable to provide for her own reasonable monthly living expenses without maintenance. Also, the trial court was not required to believe that Husband was incapable of earning some income either within or without the geographic area where he was then living. While the evidence supported the finding that there had been a substantial and continuing change of circumstances, under the standard of review by which we are bound, it did not compel the conclusion that, as a matter of law, the maintenance award should be terminated as opposed to reduced. *See Weir v. Weir,* 748 S.W.2d 190; *Katz v. Katz,* 759 S.W.2d 857 (Mo.App.E.D.1988). The record in this case does not generate the firm belief that modification, as opposed to termination, of the maintenance award was wrong.

 Husband also contends that the trial court erred in failing to order that the modification be retroactive to the date he filed his motion to modify. The retroactivity of a modification of maintenance is a matter within the sound discretion of the trial court. *Dimmitt v. Dimmitt,* 849 S.W.2d 218, 221 (Mo.App.S.D.1993); *Beeler v. Beeler,* 820 S.W.2d 657, 663 (Mo.App.W.D.1991); *Oldfield v. Oldfield,* 767 S.W.2d 134, 136 (Mo. App.E.D.1989). In the instant case, Husband does not refer to this contention in the argument portion of his brief nor cite authorities in support. Failure to develop a point relied on in the argument portion of a brief renders the point abandoned. *Beery v. Beery,* 840 S.W.2d 244, 246 (Mo.App.E.D. 1992). *See also In re Marriage of Kempf,* 825 S.W.2d 667, 668 (Mo.App.S.D.1992); *Saunders–Thalden v. Thomas Berkeley,* 825 S.W.2d 385, 387 (Mo.App.W.D.1992). Our gratuitous review of the record, however, reveals no abuse of discretion with regard to the matter of retroactivity of the award.

 Finally, Husband contends that the trial court erred in permitting cross-examination of him concerning a plea of guilty for which he claims he received a suspended imposition of sentence. He argues that such cross-examination was impermissible, citing only § 491.050 RSMo 1986 in support which reads, in part, as follows:

> Any person who has been convicted of a crime is, notwithstanding, a competent witness; however, any prior criminal convictions may be proved to affect his credibility in a civil or criminal case and, further, any prior pleas of guilty, pleas of nolle contendere, and findings of guilty may be proved to affect his credibility in a criminal case....

Contrary to Rule 84.04(c), V.A.M.R., the statement of facts portion of Husband's brief makes no mention of the cross-examination complained of and, therefore, omits any reference to the record concerning a plea of guilty or the allegation that imposition of sentence was suspended. As a result of such failure, the point is not preserved for appellate review. *J.C. Jones & Co. v. Doughty,* 760 S.W.2d 150, 161 (Mo.App.S.D.1988). Nevertheless, we have also reviewed the record for plain error with regard to this contention. In so doing, we note that Husband was cross-examined about what he referred to as an "Alford plea" to the Class C felony of stealing. That charge arose from the same facts which resulted in the forfeiture of his insurance license and which were originally introduced by him. Contrary to Husband's point relied on, however, our review of the record did not reveal any evidence that imposition of sentence was suspended with reference to that plea. We also note the familiar rule that whether the admission of evidence results in prejudicial or reversible error is not an issue on appeal in a court-tried case. *City of Town & Country v. St. Louis County,* 657 S.W.2d 598, 608 (Mo. banc 1983); *In Interest of N.D.,* 857 S.W.2d 835, 838 (Mo.App.W.D.1993). Under these circumstances, we find no plain error with regard to this contention by Husband.

The judgment is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.